# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### (WESTERN DIVISION)

| | | |
|---|---|---|
| JAMES AND PHYLLIS SHAFFER, | ) | |
| | ) | CIVIL ACTION NO.: |
| Plaintiffs, | ) | |
| | ) | 4:18-cv-00601-NKL |
| v. | ) | |
| | ) | |
| HEALTH ACQUISITION COMPANY, LLC, | ) | |
| EMPOWER H.I.S., LLC, PAUL L. NUSBAUM, | ) | |
| STEVEN F. WHITE and JORGE A. PEREZ | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| HMC/CAH CONSOLIDATED, INC, | ) | |
| | ) | |
| Nominal-Defendant. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT, BY DEFENDANTS HEALTH ACQUISITION COMPANY, LLC, EMPOWER H.I.S., LLC, PAUL L. NUSBAUM, STEVEN F. WHITE and JORGE A. PEREZ**

| | |
|---|---|
| CHAPMAN AND COWHERD, P.C. | FMS Lawyer PL |
| By: _/s/ Lauren A. Horsman_ | By: _/s/ Frank Smith_ |
| Lauren A. Horsman – Mo. Bar No. 60982 | Frank Smith – FL Bar No. 069681 |
| 903 Jackson – P.O. Box 228 | 9900 Stirling Road, Suite 226 |
| Chillicothe, MO 64601 | Cooper City, FL 33024 |
| Telephone: 660-646-0627 | Telephone: 954-985-1400 |
| Telefax: 660-646-1105 | Telefax: 954-241-6947 |
| E-mail: lhorsman@ccttlaw.com | Email: frank.smith@fmslawyer.com |
| ATTORNEY FOR DEFENDANTS HEALTH ACQUISITION COMPANY, LLC, EMPOWER H.I.S., LLC, PAUL L. NUSBAUM, STEVEN F. WHITE and JORGE A. PEREZ | ATTORNEY FOR DEFENDANTS HEALTH ACQUISITION COMPANY, LLC, EMPOWER H.I.S., LLC, PAUL L. NUSBAUM, STEVEN F. WHITE and JORGE A. PEREZ |
| | *Petition for Pro Hac Vice Admission Pending* |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………....…………………..………...……3
INTRODUCTION…………………………………………………………………..…………….5
PROCEDURAL STATEMENT………………………………………………..…………….....5
THE RELEVANT FACTS IN THE COMPLAINT………..……………………. …………..5
STANDARD OF REVIEW – JURISDICTION AND VENUE …………………………………7
STANDARD OF REVIEW – FAILURE TO NAME INDISPENSIBLE PARTIES…………..9
STANDARD OF REVIEW – PRIOR PENDING ACTION AND CHOICE OF VENUE………9
STANDARD OF REVIEW – DOUBLE OR TRIPLE DERIVATIVE ACTIONS……………..11
STANDARD OF REVIEW – FAILURE TO STATE A CAUSE OF ACTION………………..12
ARGUMENT……………………………………………………………………......................13
POINT I – The Complaint Fails to Establish Jurisdiction and Venue………............................13
POINT II – The Complaint Fails Under the Parameters of Fed. R. Civ. P. 19……………..…13
POINT III – The Complaint Fails Under the Parameters of Fed. R. Civ. P. 8..…….………...14
POINT IV – The Complaint Fails to Address "Specificity" Required for Fraud…..……………15
POINT V – Counts I, IV, V, VI and VII ………………………………………..……………….16
POINT VI – Economic Loss Rule………………………………………………………………….17
POINT XI - At a Minimum, A More Definite Statement Should Be Ordered..............................17
CONCLUSION………………………………………………………………...............................17

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

*Allen v. Echele*, No. 4:18-cv-155-JAR, 2018 U.S. Dist. LEXIS 82959,
    (E.D. Mo. May 17, 2018)……………………………………………………………....14

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)………………..12, 13

*Atuahene v. City of Hartford*, 10 F. App'x 33 (2d Cir. 2001)……………………………………15

*Chromalloy Am. Corp. v. Elyria Foundry Co.,* 955 S.W.2d 1 (Mo. banc 1997)……………………7

*Conway v. Royalite Plastics,* 12 S.W.3d 314 (Mo. 2000)……………………………………………7

*Crawford v. Austin*, No. 2:17-cv-45-JMB, 2018 U.S. Dist. LEXIS 82093,
    (E.D. Mo. May 16, 2018)………………………………………………………………14

*Davis v. Bd. of Trs. of N. Kan. City Hosp.*, No. 14-0625-CV-W-ODS,
    2015 U.S. Dist. LEXIS 24427, (W.D. Mo. Mar. 2, 2015)………………………………...13

*Edgar v. MITE Corp.* 457 U.S. 624 (1982)……………………………………………………11

*Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847 (2d Cir. 1961)………………………………..14

*Four Seasons Grp., Inc. v. Thyssenkrupp Elevator Corp.,* No. 2:10-CV-C-04004-NKL,
    2010 U.S. Dist. LEXIS 38260, (W.D. Mo. Apr. 19, 2010)………………………………..17

*Harley-Davidson Credit Corp. v. Czh*, No. 1:12-CV-58 SNLJ, 2012
    U.S. Dist. LEXIS 152967 (E.D. Mo. Oct. 23, 2012)……………………………………..9

*Harrison v. Commercial Woodworking Co.*, No. 4:08CV00082, 2008
    U.S. Dist. LEXIS 97311, (E.D. Mo. Dec. 1, 2008))………………………………...….9

*Hollinger v. Sifers*, 122 S.W.3d 112 (Mo. App. 2003)……………………………………………7

*In re Massey Energy Co. Derivative & Class Action Litig.*, 160 A.3d 484 (Del. Ch. 2017)..12

*In re Topps Co. S'holders Litig.*, 924 A.2d 951 (Del. Ch. 2007)……………………………10, 11

*Lambrecht v. O'Neal*, 3 A.3d 277 (Del. 2010)……………………………………………...…11

*Lewis v Anderson,* 477 A.2d 1040 (Del. 1984)…………………………………….....………11

*Meyer v. Meyer*, 21 S.W.3d 886, (Mo. Ct. App. 2000)……………………………………………9

*Mission Ins. Co. v. Mackey*, 340 F. Supp. 824 (W.D. Mo. 1971)………………………………14

*R. H. Kobusch Furniture & Carpet Co. v. Lowenberg*, 194 Mo. App. 551 (1916)………...…..17

*Rockport Digital Pharmacy, Inc. v. Digital Simplistics, Inc*., 53 F.3d 195 (8th Cir. 1995)…….…17

*Simmons v. Abruzzo*, 49 F.3d 83 (2d Cir. 1995)……………………………………………14, 15

*Smith v. Bank of Am., N.A.*, No. 13-0333-CV-W-ODS, 2013 U.S. Dist. LEXIS 125248
    (W.D. Mo. Sep. 3, 2013)………………………………………………………………16

*State ex rel. Dunger v. Mummert*, 871 S.W.2d 609 (Mo. Ct. App. 1994)…………………..9

*Tiger Mfg. Corp. v. Loadstar Material Handling Equip., Ltd.*, 341 F. Supp. 2d 1107
 (W.D. Mo. 2004)……………………………………………………………………....…8

*United States v. Doe Run Resources Corp.*, No. 4:10cv1895, 2011 U.S. Dist. LEXIS
 49911, (E.D. Mo. May 10, 2011)…………………………………………………….....9

*Wong v. Bann-Cor Mortg.*, No. 10-1038-CV-W-FJG, 2011 U.S. Dist. LEXIS 61548
 (W.D. Mo. June 9, 2011)……………………………………………………………....14

**Statutes and Rules**

28 U.S.C. §1332………………………………………………………………………..….7

28 U.S.C. §1391…………………………………………………………………….....….8

Fed. R. Civ. P. 8(a)……………………………………………………………………...…14

Fed. R. Civ. P. 9……………………………………………………………………………16

Fed. R. Civ. P. 12(b)……………………………………………………………………5, 8, 9

Fed. R. Civ. P. 12(e)…………………………………………………………………...5, 17

Fed. R. Civ. P. 19…………………………………………………………………...5, 9, 13

Fed. R. Evid. 201……………………………………………………………………….....10

§ 506.500, RSMo………………………………………………………………………….7, 8

## INTRODUCTION

This memorandum of law is submitted in support of the motion by Defendants Health Acquisition Company, LLC ("HAC"), Empower H.I.S., LLC ("HIS"), Paul L. Nusbaum, Steven F. White, and Jorge A. Perez (the "Individual Defendants") (herein, all collectively the "Defendants") for an Order dismissing this matter pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(2), Fed. R. Civ. P. 12(b)(3), Fed. R. Civ. P. 12(b)(6), for relief pursuant to Fed. R. Civ. P. 12(b)(7) under Fed. R. Civ. P. 19, and/or for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

## PROCEDURAL STATEMENT

The Complaint currently at issue in this matter is the Shareholder Derivative Complaint, which was filed on August 7, 2018 [D.E. #1]. Defendants have until October 19, 2018 to respond to the Shareholder Derivative Complaint ("Complaint").

## THE RELEVANT FACTS IN THE COMPLAINT

The Complaint is thirty-one (31) pages long (plus exhibits) and contains one hundred thirty-three (133) numbered paragraphs, ninety-six (96) paragraphs of which are underlying factual allegations, and seven (7) Counts for relief. There is a virtually identical prayer for relief at the end of each Count, but the *ad damnum* clauses fail in all cases to identify from whom damages are sought, and additionally, fail to identify the basis for claimed costs, attorney's fees, interest and punitive damages.

Strangely, although entitled a "Shareholder Derivative" action, the "derivative" basis is complexly unclear and requires a review of the "parties" to the Complaint, as well as referenced "non-parties," and the location of each of them:

1. Paragraph 1 of the Complaint alleges it is on behalf of HMC/CAH Consolidated, Inc. ("HMC"), and in paragraph 7, HMC is alleged to be in Delaware and Missouri. HMC

is also alleged to be a twenty percent (20%) owner of ten (10) entities known as the "HMC Hospitals" in the Complaint;

2. In paragraph 2 of the Complaint, the HMC Hospitals are noted as nine (9) Delaware limited liability companies, doing business in North Carolina (1 hospital), Kansas (3 hospitals), Missouri (1 hospital), Oklahoma (3 hospitals), Tennessee (1 hospital), and one (1) Oklahoma Corporation doing business in Oklahoma (1 hospital).

3. Paragraphs 5 and 6 of the Complaint allege the Plaintiffs are citizens of Kansas and shareholders of HMC;

4. Paragraph 8 of the Complaint alleges that Defendant HAC is a West Virginia limited liability company that owns eighty percent (80%) of HMC. The members of HAC (which are alleged to include the Individual Defendants) are denoted as being from West Virginia and Florida;

5. Paragraph 9 of the Complaint alleges that Defendant HIS is a Florida limited liability company with members in Florida, doing business in Florida;

6. The Individual Defendants are alleged to occupy various roles in HAC, the HMC Hospitals, and in the case of Jorge Perez, for HIS as well; and,

7. There are general references that all the entities/individuals may do business in Missouri as well, although such allegation is entirely unclear.

There are no allegations explaining how Plaintiffs, who are alleged to be shareholders of HMC, have the authority on behalf of HMC to jump into HAC, then to the HMC Hospitals, then to a vendor of some of the hospitals in HIS, then to the individuals behind the various entities.

Where the Individual Defendants are concerned, no specificity is provided as to the capacity in which they are sued, as they are alleged to be named in various capacities throughout

the Complaint. There is no Count for piercing the corporate veil, nor a claim to impute liability for any officer, director or manager under any state's statutory law. It should be noted that most, if not all, states severely limit the ability to sue individuals in these types of entities.

## **STANDARD OF REVIEW – JURISDICTION AND VENUE**

In paragraph 13, the Complaint [D.E. # 1] provides that the basis for jurisdiction is Diversity pursuant to 28 U.S.C. § 1332. In paragraph 14, venue is alleged to be derived from general jurisdiction (without explanation), or by virtue of "committed acts" within the State of Missouri. The standard of review on a Fed. R. Civ. P. 12(b)(2) motion is well-established and directly implicates the state (Missouri, in this case) long-arm statute:

> In order for a non-resident defendant to be subject to the long-arm jurisdiction of this state, two elements must be present: First, the suit must arise out of one of the activities enumerated in Missouri's long-arm statute; and second, the defendant must have sufficient minimum contacts with Missouri to satisfy due process requirements. *Chromalloy Am. Corp. v. Elyria Foundry Co.,* 955 S.W.2d 1, 4 (Mo. banc 1997). When a defendant raises the issue of lack of personal jurisdiction, the burden shifts to the plaintiff to make a *prima facie* showing that those two elements exist. *Conway,* 12 S.W.3d at 318.

*Hollinger v. Sifers*, 122 S.W.3d 112, 115 (Mo. App. 2003). Although unclear, it appears Plaintiffs are using the "tortious act" provision of the Missouri long-arm statute. "In order to rely upon the "tortious act" provision of the long-arm statute, the Plaintiffs were required to show that the Defendants committed a tort in Missouri and that the action caused the Plaintiffs' injuries." *Id.* 122 at 116.

The Missouri long-arm statute may be instructive (set forth in pertinent part):

§ 506.500. Actions in which outstate service is authorized—jurisdiction of Missouri courts applicable, when
1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;
(2) The making of any contract within this state;
(3) The commission of a tortious act within this state;

§ 506.500, RSMo (LexisNexis, Lexis Advance through all legislation approved as of April 9, 2018).

On a Fed. R. Civ. P. 12(b)(2) motion, due process is also an issue. "Nonresident defendants must have certain minimum contacts with the forum such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Tiger Mfg. Corp. v. Loadstar Material Handling Equip., Ltd.*, 341 F. Supp. 2d 1107, 1111 (W.D. Mo. 2004). Sufficient contacts exist when "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." Id. (quotation marks and citation omitted). The standard for "minimum contacts" has devolved into a consideration of five factors:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum state; (3) relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

*Id.* However, "even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment. *Id.* (quotation marks and citation omitted).

The Complaint is unclear as to exactly what "minimum contacts" exist as to these Defendants. At a minimum, Plaintiffs must explain as to each of these Defendants what specific act has been alleged, and, further, why Missouri has jurisdiction.

As to the Fed. R. Civ. P. 12(b)(3) motion, the applicable venue provision is 28 U.S.C. § 1391, despite there being no reference to same in the Complaint. As set forth above, it is entirely unclear not only what wrongdoing is alleged against each of these Defendants, but also where such

wrongdoing is alleged to have occurred. It is also unclear as to the connections of these Defendants to Missouri. Without this information, venue has not been appropriately pled and established.

At this time, it is also entirely unclear whether "diversity" actually exists in this case. As set forth in paragraph 7 above, the alleged party in interest, "HMC," is a Delaware entity. Nine (9) of the "HMC Hospitals" are also in Delaware. How then could there possibly be diversity if any of the allegations involve any of the required HMC Hospitals? The Complaint is defective as to the pleading of both jurisdiction and venue, and must be dismissed.

## STANDARD OF REVIEW – FAILURE TO NAME INDISPENSIBLE PARTIES

As pled by Plaintiffs, the HMC Hospitals are all indispensable parties under Fed. R. Civ. P. 19. Throughout the Complaint, the "HMC Hospitals" are alleged to have perpetrated any wrongdoing – how could this case proceed without them? Further, it is well-established that a derivative claim requires the entity to be named as a party. Without naming the HMC Hospitals, any activity derivative to such entities is not properly alleged in the Complaint.

## STANDARD OF REVIEW – PRIOR PENDING ACTION AND CHOICE OF VENUE

There exists a real question whether this Court must send the action to West Virginia or Delaware. The standard of review on a Fed. R. Civ. P. 12(b)(1) motion is well-established:

> The prior pending action doctrine, also known as abatement, "holds that where a claim involves the same subject matter and parties as a previously-filed action so that the same facts and issues are presented, resolution should occur through the prior action and the second suit should be dismissed." *United States v. Doe Run Resources Corp.*, No. 4:10cv1895, 2011 U.S. Dist. LEXIS 49911, 2011 WL 1771007, *2 (E.D. Mo. May 10, 2011) (internal quotations omitted) (citing *Harrison v. Commercial Woodworking Co.*, No. 4:08CV00082, 2008 U.S. Dist. LEXIS 97311, 2008 WL 5105130, *2 n.2 (E.D. Mo. Dec. 1, 2008)). *See also Meyer v. Meyer*, 21 S.W.3d 886, 889-90 (Mo. Ct. App. 2000)); *State ex rel. Dunger v. Mummert*, 871 S.W.2d 609, 610 (Mo. Ct. App. 1994) ("The doctrine of abatement provides, a prior pending action between the same parties and involving the same issues will abate a later like action ...").

*Harley-Davidson Credit Corp. v. Czh*, No. 1:12-CV-58 SNLJ, 2012 U.S. Dist. LEXIS 152967, at

Page 9 of 19
Case 4:18-cv-00601-NKL   Document 13   Filed 10/19/18   Page 9 of 19

*4-7 (E.D. Mo. Oct. 23, 2012). There are two (2) prior pending actions worthy of consideration:

1. *Rural Community Hospitals of America, LLC and Health Acquisition Company, LLC v. Rural Hospital Group, LLC, James Shaffer, et al.*, Civil Action # 18-C-225, filed on March 5, 2018 in the Circuit Court of Kanawha County, West Virginia, which action is currently pending; and

2. *Health Acquisition Company, LLC v. HMC/CAH Consolidated, Inc.*, Civil Action # 17-C-371, filed on March 17, 2017 in the Circuit Court of Kanawha County, West Virginia, which action is currently pending.

Both of the above cases have been pending for some time and involve the underlying transactions referred to in the Complaint concerning the acquisition of HMC by HAC. Further, both cases have established West Virginia State Court as the proper venue for such "direct" actions. The Court may take judicial notice of both cases, as they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

As to the "derivative" nature of this proceeding, Missouri is not a proper forum:

> In a representative action such as this one, the desire of an individual plaintiff to litigate in a forum other than the state of incorporation has no legal or equitable force, particularly when the plaintiff is not even a resident of the state in which he seeks to litigate. The paramount interest is ensuring that the interests of the stockholders in the fair and consistent enforcement of their rights under the law governing the corporation are protected.

*In re Topps Co. S'holders Litig.*, 924 A.2d 951, 953 (Del. Ch. 2007). In fact, unless the parties contracted otherwise, the only proper venue for same would be the State of Delaware Chancery Courts:

> As the United States Supreme Court, the Delaware Supreme Court, and the New York Court of Appeals all recognize, a state has a compelling interest in ensuring the consistent interpretation and enforcement of its corporation law. Corporations are chartered by states, and the managers and investors who form them are free to choose from among a variety of laws to govern their relationships. Their contractual

Page 10 of 19
Case 4:18-cv-00601-NKL   Document 13   Filed 10/19/18   Page 10 of 19

expectations deserve respect. The authority of a state to regulate the internal affairs of the corporations it charters is one of the oldest and most firmly established doctrines in American corporation law. As the Supreme Court of the United States explained in *Edgar v. MITE Corp.,* "[t]he internal affairs doctrine is a . . . principle which recognizes that only one State should have authority to regulate a corporation's internal affairs, [i.e.,] matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders."

*Id.* at 958. Delaware law is clear that the within action is improper. "[T]here is no countervailing interest any party has in litigating this case elsewhere. Representative plaintiffs seeking to wield the cudgel for all stockholders of a Delaware corporation have no legitimate interest in obtaining a ruling from a non-Delaware court." *Id.* at 961.

## **STANDARD OF REVIEW – DOUBLE OR TRIPLE DERIVATIVE ACTIONS**

As pled, this action appears to be a "double" or "triple" derivative action, for which the Plaintiffs have no standing:

> Double derivative actions generally fall into two distinct categories. The first are lawsuits that are brought originally as double-derivative actions on behalf of a parent corporation that has a pre-existing, wholly owned subsidiary at the time of the alleged wrongful conduct at the subsidiary level. In this category, no intervening merger takes place. The second category involves cases, such as this, where the action is brought originally as a standard derivative action on behalf of a corporation that thereafter is acquired by another corporation in an intervening stock-for-stock merger. We distinguish these two categories because they create different standing (and pre-suit demand) issues. In the first category--cases where the wholly-owned subsidiary pre-existed the alleged wrongdoing and where no intervening merger took place--corporation A is already a subsidiary of corporation B at the time of the alleged wrongdoing at corporation A. In those cases, only the parent corporation owns the subsidiary's stock at the time of the alleged wrongdoing, and the plaintiff owns stock only in the parent. Therefore, a Rule 23.1 demand could only be made--and a derivative action could only be brought--at the parent, not the subsidiary, level.

*Lambrecht v. O'Neal*, 3 A.3d 277, 282 (Del. 2010). The structure of the entities and the assumption of the eighty percent (80%) of the HMC Hospitals by HAC, divested the Plaintiffs of standing:

> Count II nevertheless must be dismissed because plaintiffs lost standing to pursue the claim by virtue of the Merger. Since our Supreme Court's decision in *Lewis v. Anderson,* it has been a matter of well-settled Delaware law for over three decades

> that stockholders of Delaware corporations must hold shares not only at the time of the alleged wrong, but continuously thereafter throughout the litigation in order to have standing to maintain derivative claims, and will lose standing when their status as stockholders of the company is terminated as a result of a merger, except in one of two specific circumstances: (i) if the merger itself is the subject of a claim of fraud, being perpetrated merely to deprive shareholders of the standing to bring a derivative action; or (ii) if the merger is in reality merely a reorganization which does not affect plaintiff's ownership in the business enterprise. The continuous ownership rule has been repeatedly reaffirmed by our Supreme Court, including as recently as a few months ago. The rationale for the rule is that "a derivative claim is a property right owned by the nominal corporate defendant" that then "flows to the acquiring corporation by operation of a merger."

*In re Massey Energy Co. Derivative & Class Action Litig.*, 160 A.3d 484, 497-98 (Del. Ch. 2017).

## **STANDARD OF REVIEW – FAILURE TO STATE A CAUSE OF ACTION**

The standard of review on a Fed. R. Civ. P. 12(b)(6) motion is well-established. While specific facts are not necessary, the statement of the claim must "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quotation marks and citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A claim has "facial plausibility" when there is sufficient factual content allowing the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

It is not enough to plead conclusions of law without the underlying facts. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court

Page 12 of 19

Case 4:18-cv-00601-NKL   Document 13   Filed 10/19/18   Page 12 of 19

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. 662 at 678. "Formulaic" factual allegations do not suffice. *Davis v. Bd. of Trs. of N. Kan. City Hosp.*, No. 14-0625-CV-W-ODS, 2015 U.S. Dist. LEXIS 24427, at *4-6 (W.D. Mo. Mar. 2, 2015). "[T]he Court must be wary of vague or indeterminate facts that require additional factual enhancement," and "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Id.* (quotation marks and citation omitted).

Under the above standard of review, as is more particularly shown below, the Complaint fails and must be dismissed in its entirety.

## ARGUMENT

### POINT I – The Complaint Fails to Establish Jurisdiction and Venue.

As stated in the "Standard of Review – Jurisdiction and Venue, "Standard Of Review – Prior Pending Action And Choice Of Venue" and "Standard Of Review – Double Or Triple Derivative Actions" sections above, the Complaint has not properly established the basis for jurisdiction and venue on its face and must be dismissed.

### POINT II – The Complaint Fails Under the Parameters of Fed. R. Civ. P. 19.

As stated in the "Standard of Review – Failure to Name Indispensable Parties" section above, the Complaint has not named indispensable parties and must be dismissed. Inexplicably, none of the HMC Hospitals are named as parties to the Complaint. Each of the HMC Hospitals, however, is an indispensable party.

> F.R. Civ. P. Rule 19 requires joinder of parties (1) if in their absence "complete relief cannot be accorded among those already parties, or (2) [the party] claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in his absence may . . . leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

*Mission Ins. Co. v. Mackey*, 340 F. Supp. 824, 829 (W.D. Mo. 1971).

### POINT III – The Complaint Fails Under the Parameters of Fed. R. Civ. P. 8.

The Complaint impermissibly "lumps" the Defendants together. "[B]y merely lumping these defendants into an undifferentiated mass without providing a factual basis to distinguish their conduct, plaintiff has failed to give any named defendant fair notice of the grounds for the claims made against him or her…." *Crawford v. Austin*, No. 2:17-cv-45-JMB, 2018 U.S. Dist. LEXIS 82093, at *6-7 (E.D. Mo. May 16, 2018) (citations omitted). Lumping the Defendants together violates the "fair notice" requirements, and this Court has held that "[t]his practice results in a pleading that fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure." *Allen v. Echele*, No. 4:18-cv-155-JAR, 2018 U.S. Dist. LEXIS 82959, at *7 (E.D. Mo. May 17, 2018). If necessary to properly apprize each Defendant, Plaintiffs must plead separate sets of facts for each Defendant:

> The Court agrees with defendants that plaintiffs' sixth amended petition is not pled with sufficient particularity. The use of "and/or" phraseology and lumping of all defendants together into one category results in the reader being unable to determine the exact theory of liability as to each separate defendant. Although plaintiffs complain that they would have to assert 50 separate sets of allegations as to each defendant, the Court believes that this may be necessary under the facts of this case.

*Wong v. Bann-Cor Mortg.*, No. 10-1038-CV-W-FJG, 2011 U.S. Dist. LEXIS 61548, at *40-41 (W.D. Mo. June 9, 2011). One of the seminal cases on this issue, may be persuasive to this Court:

> Although Fed. R. Civ. P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, Atuahene's complaint failed to satisfy this minimum standard, even after the district court graciously accorded him several opportunities to correct its manifest flaws. Consequently, the district court did not abuse its discretion in

dismissing the complaint. *See Simmons*, 49 F.3d at 87.

*Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001).

In each substantive allegation that mentions Defendants, the Complaint groups the defendants in various capacities and fails to differentiate (where multiple defendants are grouped), which Defendant was responsible for what alleged action (or inaction). Throughout the Complaint, all of the various Counts are pled against all Defendants, and in many cases, merely provide a "formulaic recitation of the elements of a cause of action." Each Defendant is entitled to know specifically what conduct it/he/she is alleged to have done; it is not enough to merely lump the "defendants" together.

Further glaring is the failure of Plaintiffs to identify how they reached their assumption that they can simply sue individuals, thereby "piercing the veil," as such theme is generally woven into the Complaint. Plaintiffs allege they had a relationship with HMC, and, thereafter, HMC had a relationship with HAC, but it is unclear as to why the other entities and individuals would have liability beyond that of HAC.

Finally, Plaintiffs fail to explain how they can act as "joint" Plaintiffs, and other than in the initial paragraphs of the Complaint, do not at all differentiate between the individual Plaintiffs – neither in any factual allegations nor in any relief sought. At a minimum, Plaintiffs must differentiate between the respective Plaintiffs and the respective Defendants as to any factual allegations or relief sought. Until that is done, the Complaint must be dismissed.

### POINT IV – The Complaint Fails to Allege "Specificity" Required for Fraud.

Count II is for Fraudulent Misrepresentation and Count III is for Fraudulent Concealment, both of which require "specificity." "Plaintiffs' non-specific reference to 'Defendants' as a collective group does not obviate their obligation to plead facts that would plausibly impose

Page 15 of 19
Case 4:18-cv-00601-NKL   Document 13   Filed 10/19/18   Page 15 of 19

liability on each Defendant individually. This leads to the final infirmity with Count II: it lacks sufficient detail. Count II is couched in terms of fraud, which triggers the heightened pleading requirements of Rule 9." *Smith v. Bank of Am., N.A.*, No. 13-0333-CV-W-ODS, 2013 U.S. Dist. LEXIS 125248, at *12-13 (W.D. Mo. Sep. 3, 2013).

Plaintiffs also make the mistake of incorporating all of the prior paragraphs of the Complaint alleging fraud into each of the Counts, using the underlying allegations of "fraud" as a fundamental element of the Counts. This method of pleading by Plaintiffs requires each of the Counts in the Complaint to be held to the same heightened standard of pleading. Further, specifically as to the Fraudulent Misrepresentation and Fraudulent Concealment Counts, the elements of the Counts themselves are not set forth with specificity as to each Defendant. The standard recitations of "who, what, where and when" as to each Defendant are simply absent from the Complaint.

## **POINT V – Counts I, IV, V, VI and VII**

Count I is for Civil Conspiracy, Counts IV and V are for breaches of fiduciary duty, Count VI is for Conversion, and Count VII is for breaches of the HMC Hospitals' operating agreements. None of these Counts are independent; they each appear to rely on the survival of the Fraud Count to survive. Each of these Counts merely seeks relief without further justification other than the predetermination of Fraud by all Defendants. Accordingly, all five (5) Counts must be dismissed, predicated on all of the above arguments.

Further, the conversion count is improper on its own, as it seeks un-denominated HMC Hospitals' funds:

> In other words, "Money is a subject of conversion only when it can be described or identified as a specific chattel." [See 38 Cyc. 2014, 2015.] Such seems to be the rule declared at an early day in this State, for it is there said that, unless the money is set apart so as to be identified, it is not the subject of suit as for conversion, as

will appear by reference to *Petit v. Bouju*, 1 Mo. 64.

*R. H. Kobusch Furniture & Carpet Co. v. Lowenberg*, 194 Mo. App. 551, 553-54, 185 S.W. 747, 748 (1916). The breach of contract claims in Count VII are not only entirely unclear, but also seem to indicate that there has been some pre-determination unlawful activity, which somehow was a breach of contract by HAC?

## POINT VI – Economic Loss Rule

Interestingly, Plaintiffs seem to be alleging fraud in the performance throughout the Complaint. If the alleged tortious conduct was governed under any contract, then such conduct is relegated to an action in contract, and the tort claim fails. It would seem that Plaintiffs (to the extent they are parties to any contracts) are relegated to contract claims only:

> ThyssenKrupp argues that Missouri's "economic loss rule" bars Four Seasons' tort claims. That rule "prohibits a cause of action in tort where losses are purely economic." *Rockport Digital Pharmacy, Inc. v. Digital Simplistics, Inc*., 53 F.3d 195, 198 (8th Cir. 1995).

*Four Seasons Grp., Inc. v. Thyssenkrupp Elevator Corp.,* No. 2:10-CV-C-04004-NKL, 2010 U.S. Dist. LEXIS 38260, at *3-5 (W.D. Mo. Apr. 19, 2010).

## POINT VII - At a Minimum, A More Definite Statement Should Be Ordered

Alternatively, Defendants seek a More Definite Statement under Fed. R. Civ. P. 12(e) for Plaintiffs to identify the acts complained of **against each Defendant** (emphasis added). At a minimum, the Complaint needs to be "cleaned up" by Plaintiffs.

## CONCLUSION

WHEREFORE, Defendants Health Acquisition Company, LLC, Empower H.I.S., LLC, Paul L. Nusbaum, Steven F. White, and Jorge A. Perez respectfully request an Order dismissing this matter pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3), or 12(b)(6), for relief under Fed. R. Civ. P. 19, and/or for a more definite statement pursuant to Fed. R. Civ. P. 12(e), together

with such other, further and different relief as the Court deems just, proper and equitable under the circumstances.

        Respectfully submitted,

        CHAPMAN AND COWHERD, P.C.

By: */s/ Lauren A. Horsman*
      Lauren A. Horsman – Mo Bar No. 60982
      903 Jackson – P.O. Box 228
      Chillicothe, MO  64601
      Telephone:  660-646-0627
      Telefax:  660-646-1105
      E-mail: lhorsman@ccttlaw.com
      ATTORNEY FOR DEFENDANTS
      HEALTH ACQUISITION COMPANY,
      LLC, EMPOWER H.I.S., LLC, PAUL L.
      NUSBAUM, STEVEN F. WHITE, AND
      JORGE A. PEREZ.

        FMS Lawyer PL

By: */s/ Frank Smith*
      Frank Smith – FL Bar No. 069681
      9900 Stirling Road, Suite 226
      Cooper City, FL 33024
      Telephone: 954-985-1400
      Telefax: 954-241-6947
      Email: frank.smith@fmslawyer.com
      ATTORNEY FOR DEFENDANTS
      HEALTH ACQUISITION COMPANY,
      LLC, EMPOWER H.I.S., LLC, PAUL L.
      NUSBAUM, STEVEN F. WHITE, AND
      JORGE A. PEREZ.
      *Petition for Admission Pro Hac Vice pending*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of October, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, a true copy of the foregoing to be furnished via CM/ECF to all counsel of record.

*/s/ Lauren A. Horsman*