**EXHIBIT B**

# CONVERSION TO EQUITY AGREEMENT

This CONVERSION TO EQUITY AGREEMENT is entered into as of the date stated below ("Effective Date"), by and between HMC/CAH CONSOLIDATED, INC., a Delaware corporation ("Seller"), and HEALTH ACQUISITION COMPANY, LLC ("Buyer"). Seller and Buyer shall sometimes be referred to individually as a "Party" and collectively as the "Parties."

## RECITALS

A.     Buyer made a loan to Seller, whereby Seller became indebted to Buyer in the original principal amount of Six Million Dollars ($6,000,000), as evidenced by the Loan Documents (All capitalized terms used herein that are not otherwise defined in context shall have the meanings assigned thereto in that certain Loan and Pledge Agreement between the Parties.)

B.     In connection with the Loan, Seller granted to Buyer the right and option to purchase the Option Interests for Six Million Dollars ($6,000,000) to be paid, in full, by Buyer's conversion of the Obligations represented by the Loan Documents into Interests equal to eighty percent (80%) of the total Interests of the Company outstanding on the Exercise Date, as evidenced by its execution and delivery of this Agreement.

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing recitals and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1.     Defined Terms. Capitalized terms used in this Cancellation Agreement but not otherwise defined herein have the meanings given such terms in the Loan Documents.

2.     Conversion of Loan. Buyer and Seller hereby agree that the Obligations evidenced by the Loan Documents are hereby converted into Interests equal to eighty percent (80%) of the total Interests of the Company outstanding on the Exercise Date, and that the Obligations are of no further force and effect. Seller hereby acknowledges that Buyer has returned to Seller the original of the Note.

[Remainder of page intentionally left blank.]

Case 4:18-cv-00601-NKL   Document 57-2   Filed 03/14/19   Page 2 of 35

IN WITNESS WHEREOF, the Parties have executed this Conversion to Equity Agreement as of this 29 day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _James Shaffer_
James Shaffer, President

Attest: _Rosana Privitera Biondo_
Rosana Privitera Biondo, Secretary

Conversion to Equity Agreement
{33053 / 68339; 751539. }

HEATH ACQUISITION COMPANY, LLC

By: _____

STEVEN F WHITE, Manager

Conversion to Equity Agreement

{33053 / 68339; 751539.2 }

## OPERATING AGREEMENTS CERTIFICATION PAGE

By signing this Operating Certification Page, HEALTH ACQUISITION COMPANY, LLC ("Assignee") accepts and agrees to be a party to and bound by and perform all the terms and provisions of the Operating Agreements of the LLCs, to wit:

CAH Acquisition #1 LLC, d/b/a Washington County Hospital
CAH Acquisition #2 LLC, d/b/a Oswego Community Hospital
CAH Acquisition #3 LLC, d/b/a Horton Community Hospital
CAH Acquisition #5, LLC, d/b/a Hillsboro Community Hospital
CAH Acquisition #6, LLC, d/b/a 1-70 Community Hospital
CAH Acquisition 7 LLC, d/b/a Prague Community Hospital
CAH Acquisition 9 LLC, d/b/a Seiling Community Hospital
CAH Acquisition 10 LLC, d/b/a Yadkin Valley Community Hospital
CAH Acquisition 11 LLC, d/b/a Lauderdale Community Hospital
CAH Acquisition 12 LLC, d/b/a Fairfax Community Hospital
CAH Acquisition 16 LLC, d/b/a Haskell County Community Hospital

Assignee hereby agrees to be a Member of each of the LLCs with respect to the Interests assigned from HMC/CAH CONSOLIDATED, INC., a Delaware corporation ("Assignor"), to Assignee (the "Assigned Interests").

HEALTH ACQUISITION COMPANY, LLC

HEATH ACQUISITION COMPANY, LLC

By: _S F White_

_Steven F White_, Manager

Dated: _3/29/17_

Assignor, in its capacity as the sole Member of each of the LLCs hereby executes this Operating Agreements Certification Page for the purpose of confirming the assignment of Assigned Interests from Assignor to Assignee in accordance with the Operating Agreements and consenting to the admission of Assignee as a Member of each of the LLCs with respect to the Assigned Interests in accordance with the Operating Agreements.

HMC/CAH CONSOLIDATED, INC.

By: _James Shaffer_
James Shaffer, President

Attest: _Rosana Privitera Biondo_
Rosana Privitera Biondo, Secretary

Dated: March 27, 2017

{33053 / 68339; 751539. }

## ASSIGNMENT OF INTERESTS SEPARATE FROM CERTIFICATE(S)

For good and valuable consideration, the receipt and adequacy of which is acknowledged, HMC/CAH CONSOLIDATED, INC., a Delaware corporation ("Assignor") assigns, conveys and transfers all of right, title, and interest in and to 80 units (80%) represented by Certificate(s) No. (s) _____ N/A _____ inclusive, standing in the name of HMC/CAH CONSOLIDATED, INC. on the books of CAH Acquisition Company #1 LLC (the "Assigned Interests"), including any and all of Assignor's rights to participate in the management and affairs of the LLCs and to be and exercise any rights of a Member.

Assignee hereby accepts such assignment, conveyance and transfer, and agrees to be bound by and to hold such Assigned Interests subject to the terms and conditions of the Operating Agreements as to the affairs of the LLC and the conduct of its business.

[Remainder of page intentionally left blank.]

This Assignment is made and received on this _29_ day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _____
     James Shaffer, President

Attest: _____
     Rosana Privitera Biondo, Secretary

HEATH ACQUISITION COMPANY, LLC

By: _____
    STEVEN F WHITE, Manager

### CONSENT TO ASSIGNMENT OF MEMBER INTEREST

    HMC/CAH CONSOLIDATED, INC., being the sole Member of each of the LLCs, consents to the transfer, and assignment of the Interests made by the above Assignment of Limited Liability Company Interests, and agree that the Assignee has become a Member in each of the LLCs having, to the extent assigned, the rights and the powers of a Member, subject to the restrictions and liabilities of a Member. This Consent is made and received on this _29_ day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _____
     James Shaffer, President

Attest: _____
     Rosana Privitera Biondo, Secretary

Assignment of Interests Separate from Certificate

{33053 / 68339; 751539. }

## ASSIGNMENT OF INTERESTS SEPARATE FROM CERTIFICATE(S)

For good and valuable consideration, the receipt and adequacy of which is acknowledged, HMC/CAH CONSOLIDATED, INC., a Delaware corporation ("Assignor") assigns, conveys and transfers all of right, title, and interest in and to <u>80 units (80%)</u> represented by Certificate(s) No. (s) _____N/A_____ inclusive, standing in the name of HMC/CAH CONSOLIDATED, INC. on the books of CAH Acquisition Company #2 LLC (the "Assigned Interests"), including any and all of Assignor's rights to participate in the management and affairs of the LLCs and to be and exercise any rights of a Member.

Assignee hereby accepts such assignment, conveyance and transfer, and agrees to be bound by and to hold such Assigned Interests subject to the terms and conditions of the Operating Agreements as to the affairs of the LLC and the conduct of its business.

[Remainder of page intentionally left blank.]

This Assignment is made and received on this _27_ day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _James Shaffer_
James Shaffer, President

Attest: _Rosana Privitera Biondo_
Rosana Privitera Biondo, Secretary

HEATH ACQUISITION COMPANY, LLC

By: _S K F Waite_
Steven F Waite , Manager

## CONSENT TO ASSIGNMENT OF MEMBER INTEREST

HMC/CAH CONSOLIDATED, INC., being the sole Member of each of the LLCs, consents to the transfer, and assignment of the Interests made by the above Assignment of Limited Liability Company Interests, and agree that the Assignee has become a Member in each of the LLCs having, to the extent assigned, the rights and the powers of a Member, subject to the restrictions and liabilities of a Member. This Consent is made and received on this _29_ day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _James Shaffer_
James Shaffer, President

Attest: _Rosana Privitera Biondo_
Rosana Privitera Biondo, Secretary

Assignment of Interests Separate from Certificate

{33053 / 68339; 751539. }

Case 4:18-cv-00601-NKL   Document 57-2   Filed 03/14/19   Page 9 of 35

## ASSIGNMENT OF INTERESTS SEPARATE FROM CERTIFICATE(S)

For good and valuable consideration, the receipt and adequacy of which is acknowledged, HMC/CAH CONSOLIDATED, INC., a Delaware corporation ("Assignor") assigns, conveys and transfers all of right, title, and interest in and to 80 units (80%) represented by Certificate(s) No. (s) _____ N/A _____ inclusive, standing in the name of HMC/CAH CONSOLIDATED, INC. on the books of CAH Acquisition Company #3 LLC (the "Assigned Interests"), including any and all of Assignor's rights to participate in the management and affairs of the LLCs and to be and exercise any rights of a Member.

Assignee hereby accepts such assignment, conveyance and transfer, and agrees to be bound by and to hold such Assigned Interests subject to the terms and conditions of the Operating Agreements as to the affairs of the LLC and the conduct of its business.

[Remainder of page intentionally left blank.]

{33053 / 68339; 751539.2 }

This Assignment is made and received on this _29_ day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _James Shaffer_
  James Shaffer, President

Attest: _Rosana Privitera Biondo_
  Rosana Privitera Biondo, Secretary

HEATH ACQUISITION COMPANY, LLC

By: _Steven F White_
  Steven F White, Manager

## CONSENT TO ASSIGNMENT OF MEMBER INTEREST

HMC/CAH CONSOLIDATED, INC., being the sole Member of each of the LLCs, consents to the transfer, and assignment of the Interests made by the above Assignment of Limited Liability Company Interests, and agree that the Assignee has become a Member in each of the LLCs having, to the extent assigned, the rights and the powers of a Member, subject to the restrictions and liabilities of a Member. This Consent is made and received on this _29_ day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _James Shaffer_
  James Shaffer, President

Attest: _Rosana Privitera Biondo_
  Rosana Privitera Biondo, Secretary

Assignment of Interests Separate from Certificate

{33053 / 68339; 751539. }

## ASSIGNMENT OF INTERESTS SEPARATE FROM CERTIFICATE(S)

For good and valuable consideration, the receipt and adequacy of which is acknowledged, HMC/CAH CONSOLIDATED, INC., a Delaware corporation ("Assignor") assigns, conveys and transfers all of right, title, and interest in and to <u>80 units (80%)</u> represented by Certificate(s) No. (s) _____N/A_____ inclusive, standing in the name of HMC/CAH CONSOLIDATED, INC. on the books of CAH Acquisition Company #5, LLC (the "Assigned Interests"), including any and all of Assignor's rights to participate in the management and affairs of the LLCs and to be and exercise any rights of a Member.

Assignee hereby accepts such assignment, conveyance and transfer, and agrees to be bound by and to hold such Assigned Interests subject to the terms and conditions of the Operating Agreements as to the affairs of the LLC and the conduct of its business.

[Remainder of page intentionally left blank.]

{33053 / 68339; 751539.2 }

This Assignment is made and received on this _29_ day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _James Shaffer_
     James Shaffer, President

Attest: _Rosana Privitera Biondo_
         Rosana Privitera Biondo, Secretary
         $ SFW, AFL
HEATH ACQUISITION COMPANY, LLC

By: _STXFWte_
     STEVEN F. WHITE , Manager

**CONSENT TO ASSIGNMENT OF MEMBER INTEREST**

HMC/CAH CONSOLIDATED, INC., being the sole Member of each of the LLCs, consents to the transfer, and assignment of the Interests made by the above Assignment of Limited Liability Company Interests, and agree that the Assignee has become a Member in each of the LLCs having, to the extent assigned, the rights and the powers of a Member, subject to the restrictions and liabilities of a Member. This Consent is made and received on this _29_ day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _James Shaffer_
     James Shaffer, President

Attest: _Rosana Privitera Biondo_
         Rosana Privitera Biondo, Secretary

Assignment of Interests Separate from Certificate

{33053 / 68339; 751539. }

## ASSIGNMENT OF INTERESTS SEPARATE FROM CERTIFICATE(S)

For good and valuable consideration, the receipt and adequacy of which is acknowledged, HMC/CAH CONSOLIDATED, INC., a Delaware corporation ("Assignor") assigns, conveys and transfers all of right, title, and interest in and to <u>80 units (80%)</u> represented by Certificate(s) No. (s) _____ N/A _____ inclusive, standing in the name of HMC/CAH CONSOLIDATED, INC. on the books of CAH Acquisition Company 6, LLC (the "Assigned Interests"), including any and all of Assignor's rights to participate in the management and affairs of the LLCs and to be and exercise any rights of a Member.

Assignee hereby accepts such assignment, conveyance and transfer, and agrees to be bound by and to hold such Assigned Interests subject to the terms and conditions of the Operating Agreements as to the affairs of the LLC and the conduct of its business.

Such assignment is subject to a first priority pledge of such membership interests to holders of certain Shareholders Notes as contemplated in the Option Purchase Agreement.

[Remainder of page intentionally left blank.]

This Assignment is made and received on this 29 day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _James Shaffer_
     James Shaffer, President

Attest: _Rosana Privitera Biondo_
     Rosana Privitera Biondo, Secretary

HEATH ACQUISITION COMPANY, LLC

By: _Steven F White_
     STEVEN F WHITE , Manager


## CONSENT TO ASSIGNMENT OF MEMBER INTEREST

HMC/CAH CONSOLIDATED, INC., being the sole Member of each of the LLCs, consents to the transfer, and assignment of the Interests made by the above Assignment of Limited Liability Company Interests, and agree that the Assignee has become a Member in each of the LLCs having, to the extent assigned, the rights and the powers of a Member, subject to the restrictions and liabilities of a Member. This Consent is made and received on this 29 day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _James Shaffer_
     James Shaffer, President

Attest: _Rosana Privitera Biondo_
     Rosana Privitera Biondo, Secretary


Assignment of Interests Separate from Certificate

{33053 / 68339; 751539. }

## ASSIGNMENT OF INTERESTS SEPARATE FROM CERTIFICATE(S)

For good and valuable consideration, the receipt and adequacy of which is acknowledged, HMC/CAH CONSOLIDATED, INC., a Delaware corporation ("Assignor") assigns, conveys and transfers all of right, title, and interest in and to 80 units (80%) represented by Certificate(s) No. (s) _____ N/A _____ inclusive, standing in the name of HMC/CAH CONSOLIDATED, INC. on the books of CAH Acquisition Company 7, LLC (the "Assigned Interests"), including any and all of Assignor's rights to participate in the management and affairs of the LLCs and to be and exercise any rights of a Member.

Assignee hereby accepts such assignment, conveyance and transfer, and agrees to be bound by and to hold such Assigned Interests subject to the terms and conditions of the Operating Agreements as to the affairs of the LLC and the conduct of its business.

[Remainder of page intentionally left blank.]

This Assignment is made and received on this _29_ day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _James Shaffer_
      James Shaffer, President

Attest: _Rosana Privitera Biondo_
          Rosana Privitera Biondo, Secretary

HEATH ACQUISITION COMPANY, LLC

By: _Steven F. White_
      Steven F. White , Manager

## CONSENT TO ASSIGNMENT OF MEMBER INTEREST

HMC/CAH CONSOLIDATED, INC., being the sole Member of each of the LLCs, consents to the transfer, and assignment of the Interests made by the above Assignment of Limited Liability Company Interests, and agree that the Assignee has become a Member in each of the LLCs having, to the extent assigned, the rights and the powers of a Member, subject to the restrictions and liabilities of a Member. This Consent is made and received on this _29_ day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _James Shaffer_
      James Shaffer, President

Attest: _Rosana Privitera Biondo_
          Rosana Privitera Biondo, Secretary

Assignment of Interests Separate from Certificate

{33053 / 68339; 751539. }

## ASSIGNMENT OF INTERESTS SEPARATE FROM CERTIFICATE(S)

For good and valuable consideration, the receipt and adequacy of which is acknowledged, HMC/CAH CONSOLIDATED, INC., a Delaware corporation ("Assignor") assigns, conveys and transfers all of right, title, and interest in and to 80 units (80%) represented by Certificate(s) No. (s) _____ N/A _____ inclusive, standing in the name of HMC/CAH CONSOLIDATED, INC. on the books of CAH Acquisition Company 9, LLC (the "Assigned Interests"), including any and all of Assignor's rights to participate in the management and affairs of the LLCs and to be and exercise any rights of a Member.

Assignee hereby accepts such assignment, conveyance and transfer, and agrees to be bound by and to hold such Assigned Interests subject to the terms and conditions of the Operating Agreements as to the affairs of the LLC and the conduct of its business.

[Remainder of page intentionally left blank.]

This Assignment is made and received on this _29_ day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _James Shaffer_
James Shaffer, President

Attest: _Rosana Privitera Biondo_
Rosana Privitera Biondo, Secretary

HEATH ACQUISITION COMPANY, LLC

By: _S F White_
Steven F White , Manager


**CONSENT TO ASSIGNMENT OF MEMBER INTEREST**

HMC/CAH CONSOLIDATED, INC., being the sole Member of each of the LLCs, consents to the transfer, and assignment of the Interests made by the above Assignment of Limited Liability Company Interests, and agree that the Assignee has become a Member in each of the LLCs having, to the extent assigned, the rights and the powers of a Member, subject to the restrictions and liabilities of a Member. This Consent is made and received on this _29_ day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _James Shaffer_
James Shaffer, President

Attest: _Rosana Privitera Biondo_
Rosana Privitera Biondo, Secretary


Assignment of Interests Separate from Certificate

{33053 / 68339; 751539. }

## ASSIGNMENT OF INTERESTS SEPARATE FROM CERTIFICATE(S)

For good and valuable consideration, the receipt and adequacy of which is acknowledged, HMC/CAH CONSOLIDATED, INC., a Delaware corporation ("Assignor") assigns, conveys and transfers all of right, title, and interest in and to U80 units (80%) represented by Certificate(s) No. (s) _____N/A_____ inclusive, standing in the name of HMC/CAH CONSOLIDATED, INC. on the books of CAH Acquisition Company 10, LLC (the "Assigned Interests"), including any and all of Assignor's rights to participate in the management and affairs of the LLCs and to be and exercise any rights of a Member.

Assignee hereby accepts such assignment, conveyance and transfer, and agrees to be bound by and to hold such Assigned Interests subject to the terms and conditions of the Operating Agreements as to the affairs of the LLC and the conduct of its business.

[Remainder of page intentionally left blank.]

## ASSIGNMENT OF INTERESTS SEPARATE FROM CERTIFICATE(S)

For good and valuable consideration, the receipt and adequacy of which is acknowledged, HMC/CAH CONSOLIDATED, INC., a Delaware corporation ("Assignor") assigns, conveys and transfers all of right, title, and interest in and to <u>80 units (80%)</u> represented by Certificate(s) No. (s) _____N/A_____ inclusive, standing in the name of HMC/CAH CONSOLIDATED, INC. on the books of CAH Acquisition Company 11, LLC (the "Assigned Interests"), including any and all of Assignor's rights to participate in the management and affairs of the LLCs and to be and exercise any rights of a Member.

Assignee hereby accepts such assignment, conveyance and transfer, and agrees to be bound by and to hold such Assigned Interests subject to the terms and conditions of the Operating Agreements as to the affairs of the LLC and the conduct of its business.

[Remainder of page intentionally left blank.]

This Assignment is made and received on this _29_ day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _James Shaffer_
James Shaffer, President

Attest: _Rosana Privitera Biondo_
Rosana Privitera Biondo, Secretary

HEATH ACQUISITION COMPANY, LLC

By: _Steven F White_
Steven F White , Manager

### CONSENT TO ASSIGNMENT OF MEMBER INTEREST

HMC/CAH CONSOLIDATED, INC., being the sole Member of each of the LLCs, consents to the transfer, and assignment of the Interests made by the above Assignment of Limited Liability Company Interests, and agree that the Assignee has become a Member in each of the LLCs having, to the extent assigned, the rights and the powers of a Member, subject to the restrictions and liabilities of a Member. This Consent is made and received on this _29_ day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _James Shaffer_
James Shaffer, President

Attest: _Rosana Privitera Biondo_
Rosana Privitera Biondo, Secretary

Assignment of Interests Separate from Certificate

{33053 / 68339; 751539. }

## ASSIGNMENT OF INTERESTS SEPARATE FROM CERTIFICATE(S)

For good and valuable consideration, the receipt and adequacy of which is acknowledged, HMC/CAH CONSOLIDATED, INC., a Delaware corporation ("Assignor") assigns, conveys and transfers all of right, title, and interest in and to <u>80 units (80%)</u> represented by Certificate(s) No. (s) _____ N/A _____ inclusive, standing in the name of HMC/CAH CONSOLIDATED, INC. on the books of CAH Acquisition Company 12, LLC (the "Assigned Interests"), including any and all of Assignor's rights to participate in the management and affairs of the LLCs and to be and exercise any rights of a Member.

Assignee hereby accepts such assignment, conveyance and transfer, and agrees to be bound by and to hold such Assigned Interests subject to the terms and conditions of the Operating Agreements as to the affairs of the LLC and the conduct of its business.

[Remainder of page intentionally left blank.]

This Assignment is made and received on this _29_ day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _James Shaffer_
     James Shaffer, President

Attest: _Rosana Privitera Biondo_
     Rosana Privitera Biondo, Secretary
     _sec, Atta_

HEATH ACQUISITION COMPANY, LLC

By: _SF White_
     Steven F White_, Manager

## CONSENT TO ASSIGNMENT OF MEMBER INTEREST

HMC/CAH CONSOLIDATED, INC., being the sole Member of each of the LLCs, consents to the transfer, and assignment of the Interests made by the above Assignment of Limited Liability Company Interests, and agree that the Assignee has become a Member in each of the LLCs having, to the extent assigned, the rights and the powers of a Member, subject to the restrictions and liabilities of a Member. This Consent is made and received on this _27_ day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _James Shaffer_
     James Shaffer, President

Attest: _Rosana Privitera Biondo_
     Rosana Privitera Biondo, Secretary

Assignment of Interests Separate from Certificate

{33053 / 68339; 751539. }

## ASSIGNMENT OF INTERESTS SEPARATE FROM CERTIFICATE(S)

For good and valuable consideration, the receipt and adequacy of which is acknowledged, HMC/CAH CONSOLIDATED, INC., a Delaware corporation ("Assignor") assigns, conveys and transfers all of right, title, and interest in and to <u>80 units (80%)</u> represented by Certificate(s) No. (s) _____ N/A _____ inclusive, standing in the name of HMC/CAH CONSOLIDATED, INC. on the books of CAH Acquisition Company 16, LLC (the "Assigned Interests"), including any and all of Assignor's rights to participate in the management and affairs of the LLCs and to be and exercise any rights of a Member.

Assignee hereby accepts such assignment, conveyance and transfer, and agrees to be bound by and to hold such Assigned Interests subject to the terms and conditions of the Operating Agreements as to the affairs of the LLC and the conduct of its business.

[Remainder of page intentionally left blank.]

This Assignment is made and received on this _29_ day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _James Shaffer_
     James Shaffer, President

Attest: _Rosana Privitera Biondo_
     Rosana Privitera Biondo, Secretary

HEATH ACQUISITION COMPANY, LLC

By: _Steven F White_
    Steven F White , Manager

## CONSENT TO ASSIGNMENT OF MEMBER INTEREST

    HMC/CAH CONSOLIDATED, INC., being the sole Member of each of the LLCs, consents to the transfer, and assignment of the Interests made by the above Assignment of Limited Liability Company Interests, and agree that the Assignee has become a Member in each of the LLCs having, to the extent assigned, the rights and the powers of a Member, subject to the restrictions and liabilities of a Member. This Consent is made and received on this _29_ day of March, 2017.

HMC/CAH CONSOLIDATED, INC.

By: _James Shaffer_
     James Shaffer, President

Attest: _Rosana Privitera Biondo_
     Rosana Privitera Biondo, Secretary

Assignment of Interests Separate from Certificate

{33053 / 68339; 751539. }

## ASSIGNMENT OF STOCK SEPARATE FROM CERTIFICATE(S)

For Value Received, HMC/CAH CONSOLIDATED, INC. does hereby sell, assign and transfer to HEALTH ACQUISITION COMPANY, LLC 800 shares of the Stock of CAH Acquisition Company #4, Inc., an Oklahoma corporation ("Corporation") represented by Certificate(s) No. 4, standing in the name of HMC/CAH CONSOLIDATED, INC. on the books of the Corporation.

HMC/CAH CONSOLIDATED, INC. does hereby irrevocably constitute and appoint HEALTH ACQUISITION COMPANY, LLC attorney to transfer the said Stock on the books of the Corporation, with full power of substitution in the premises.

Such assignment is subject to a first priority pledge of such stock to Sun Finance, Inc. and to a second priority pledge of such stock to the holders of Larry Arthur Secured Claim, DFP, LLC Secured Claim, CAROJOTO Unsecured Claim, Fidelity Security Life Insurance Co. Secured Claim, Rosalia Hall Secured Claim, Richard Jones Secured Claim, and Sun Finance Secured Claim.

[Remainder of page intentionally left blank.]

{33053 / 68339; 751539.2 }

HMC/CAH CONSOLIDATED, INC.

By: _____
    James Shaffer, President

Attest: _____
    Rosana Privitera Biondo, Secretary

Dated as of this _17_ day of March, 2017.

Assignment of Stock Separate from Certification
{33053 / 68339; 751539. }

# AFFIDAVIT

**State of West Virginia**

**County of Kanawha**

    **BE IT KNOWN THAT** on this 29th day or March, 2017, before me, the undersigned Notary Public, appeared **Steven F. White** (the *Affiant*), in his capacity as the Manager of Health Acquisition Company LLC, a West Virginia limited liability company, who, upon being duly sworn, stated on his oath as follows:

    1.    On December 17, 2013, HMC/CAH Consolidated, Inc. executed and delivered, as maker ("Maker"), a promissory note payable to Health Acquisition Company LLC having an initial principal indebtedness of $6,000,000 (collectively, the *Original Note*).

    2.    Health Acquisition Company LLC lost possession of the Original Note, neither as result of a transfer nor a lawful seizure.

    3.    Health Acquisition Company LLC cannot reasonably obtain possession of the Original Note because the whereabouts of those instruments cannot be determined.

    4.    The Affiant has made a due and diligent search for the lost Original Note.

    5.    A true and correct copy of the Original Note is attached hereto as Exhibit A.

    6.    Health Acquisition Company LLC agrees to deliver the original Note to Maker if located.

    7.    Health Acquisition Company LLC warrants and represents that it has not endorsed, negotiated, transferred or conveyed the Note or otherwise disposed of any interest in the Note and agrees to indemnify Maker against any claim made by a third party against Maker for payment on the original Note.

    8.    Further, the affiant sayeth naught.

By: _____

           Steven F. White

SWORN TO AND SUBSCRIBED BEFORE ME, this the 29th day of March, 2017.

Witness my signature and official seal.

_____
NOTARY PUBLIC

My Commission Expires:

June 8, 2024

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
STEPHANIE R. GREEN
8608 MARYLAND AVENUE
MARMET, WV 25315
My Commission Expires Jun. 8, 2024


EXHIBIT

A

## PROMISSORY NOTE

U.S. $6,000,000

December 7, 2013

1.    Debtor's Promise to Pay. FOR VALUE RECEIVED, the undersigned, HMC/CAH CONSOLIDATED, INC, a Delaware corporation, having its principal office at 1100 Main Street, Suite 2350, Kansas City, Missouri 64105 (together with its successors and assigns, the "Debtor"), promises to pay to the order of HEALTH ACQUISITION COMPANY, LLC, a West Virginia limited liability company, having an office at P.O. Box 18387, 332 6th Avenue, S. Charleston, WV 25303 (together with its successors and assigns and any subsequent holder of this Note, the "Lender"), or such other place as Lender from time to time may designate, the principal sum of SIX MILLION DOLLARS ($6,000,000), together with interest at the fixed rate of seven (7%) percent per annum ("Interest") from the date hereof on unpaid principal and on unpaid interest until paid, in full with principal and interest payable to be paid in accordance with the terms of this Note and the Loan Agreement.

2.    Definitions. All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Loan and Pledge Agreement dated as of the date hereof between the Credit Parties and Lender ("Loan Agreement").

3.    Security. This Note and the Obligations are secured by, among other things, the Loan Agreement, which constitutes a first lien upon and security interests in Debtor's right, title, and interest in and to Pledged Collateral.

4.    Principal Payment at Maturity; No Right to Prepay. The entire unpaid principal amount of this Note shall be due and payable on the Maturity Date. Without the prior written consent of Lender, Debtor shall not have any right to prepay the principal amount of this Note prior to the Maturity Date.

5.    Payment of Interest. Debtor shall pay to Lender principal, interest and other fees and charges as follows:

(a)    Interest on the unpaid principal amount of this Note shall be (i) payable monthly in arrears commencing on the first day of March 1, 2014, and on the first day of each month thereafter until March 1, 2024 (the "Maturity Date") and (ii) calculated on the basis of a 360 day year and the actual number of days elapsed; provided, that if for any reason the payment of interest due to Note Acquisition from any of the Credit Parties is deferred, then Lender shall defer its right to receive interest payments on the Loan, on an equal basis and for the same period of time.

(b)    Interest not paid when due (without giving effect to any grace or notice period or cure right contained herein or in any other Loan Document) shall accrue like Interest as principal and shall be immediately payable.

1

(c)     All agreements between the Credit Parties and Lender are expressly limited, so that in no event or contingency, whether because of the advancement of the Loan, acceleration of maturity of the unpaid principal balance, or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance, or retention of the money to be advanced under this Note exceed the highest lawful rate permissible under applicable usury laws. If, under any circumstances, fulfillment of any provision of the Loan Documents or any other agreement pertaining to this Note, after timely performance of such provision is due, shall involve exceeding the limit of interest validity prescribed by law that a court of competent jurisdiction deems applicable, then, *ipso facto*, the obligations to be fulfilled shall be reduced to the limit of such validity. If under any circumstances, Lender shall ever receive as interest an amount that exceeds the highest lawful rate, the amount that would be excessive interest shall be applied to reduce the unpaid principal balance under this Note and not to pay interest, or, if such excessive interest exceeds the unpaid principal balance under this Note, such excess shall be refunded to Debtor. This provision shall control every other provision of the Loan documents or any other agreements between the Credit Parties and Lender.

6.      Method of Making Payments. All payments of interest, principal and fees shall be made in lawful money of the United States in immediately available funds, without counterclaim or setoff and free and clear of, and without any deduction or withholding for, any taxes or other payments by wire transfer to Lender to such account as Lender shall from time to time designate.   Payments shall be credited on the Business Day on which immediately available funds are received prior to 3:00 P.M. Central Standard Time. Payments received after 3:00 P.M. Central Standard Time shall be credited to the Loan on the next Business Day. Payments which are by check, which Lender may at its option accept or reject, or which are not in the form of immediately available funds shall not be credited to the Loan until such funds become immediately available to Lender, and, with respect to payments by check, such credit shall be provisional until the item is finally paid by the payor bank.

7.      Application of Payments.  Except to the extent otherwise required by law or by the express terms of any Loan Document, Lender shall apply and credit funds received by Lender pursuant to this Note or any other Loan Document in such manner and order of priority as Lender shall determine in Lender's sole discretion; provided, however, that in the absence of any contrary determination by Lender, such funds shall be applied and credited (a) first, to pay, or reimburse Lender for amounts advanced by Lender (other than principal of the Loan evidenced by this Note) pursuant to any provision of the Loan Documents (including without limitation those fees, charges, costs and expenses described in Section 8 and Section 9), (b) second, to pay any Late Charges due under this Note or any other Loan Document, (c) third, to pay any other sums due under the Loan Documents, excluding interest earned or accrued under this Note and principal, (d) fourth, to pay any interest earned or accrued under this Note and (f) fifth, to pay principal outstanding under this Note.

8.      Billings.  Lender may submit monthly billings reflecting payments due. Neither the failure of Lender to submit a bill, nor any error in any such bill shall excuse Debtor from the obligation to make full payment of all Debtor's payment obligations when due.

9.      Default Rate.  From and after any Event of Default, any unpaid principal, accrued interest, Late Charges and other amounts payable under this Note or any other Loan Document

2

shall bear interest at a per annum rate equal to the lesser of nine (9%) percent, or the maximum rate of interest which may be collected from Debtor under applicable law.

10.    Late Charges. If any payment under this Note (whether of fees, interest or principal (due on the Maturity Date or upon any acceleration of this Note) is not paid within five (5) Business Days of the date on which the payment is due, Debtor shall pay to Lender in addition to the delinquent payment and without any requirement of notice or demand by Lender except as may be imposed by law, a charge equal to five (5%) percent of the amount of the delinquent payment ("Late Charge"). Late Charges are (a) payable in addition to, and not in limitation of, the Default Rate, (b) intended to compensate Lender for administrative and processing costs incident to late payments, (c) not interest, and (d) not subject to refund or rebate or credit against any other amount due. Debtor expressly acknowledges and agrees that this Late Charges provision is reasonable under the circumstances existing on the date of this Note, which it would be extremely difficult and impractical to fix Lender's actual damages arising out of any late payment and that the Late Charge shall be presumed to be the actual amount of such damages incurred by Lender. In addition, in the event that any loan payment check tendered by Debtor to Lender is not honored upon presentment for demand, Debtor shall pay to Lender upon demand an amount equal to Twenty-Five Dollars ($25.00). No provision in this Note (including the provisions for Late Charges and for additional interest on any amounts remaining unpaid after the Maturity Date) shall be construed as in any way excusing Debtor from its obligation to make each payment under this Note promptly when due.

11.    Event of Default. Any of the following shall constitute an "Event of Default" under this Note: (a) except as provided in the following sentence, any payment under this Note (whether of principal or interest or both) is not paid on or before the date that it is due (irrespective of whether Debtor has received any notice of such nonpayment), or (b) any covenant or obligation made or undertaken for the benefit of Lender in the Loan Documents is not fully performed within the time required by the terms thereof, or (c) the occurrence of any other Event of Default (as such term is defined in any of the Loan Documents). If a regularly scheduled monthly installment of interest, or the principal amount payable on the Maturity Date, that is due and payable on the first day of the month, is paid on or before the fifth (5th) Business Day of the month in which it is due, it shall not constitute an Event of Default. Upon an Event of Default, Lender may elect, without any further notice or demand to Debtor, to declare all principal and accrued but unpaid interest under this Note immediately due and payable. Any failure of Lender to make such election following an Event of Default shall not constitute a waiver of Lender's right to make the election in the event of any subsequent Event of Default.

12.    Costs of Collection and Enforcement. Debtor and all endorsers jointly and severally promise to pay (a) all reasonable attorneys' fees and other costs and expenses of any nature incurred by Lender in connection with this Note or the enforcement of Lender's rights and remedies under the other Loan Documents, including reasonable attorneys' fees incurred by Lender for legal advice concerning Lender's rights and remedies (whether or not an Event of Default in fact occurs, and whether or not any remedies are in fact exercised), (b) all reasonable attorneys' fees, as determined by the court, and all other costs, expenses and fees incurred by Lender in connection with any suit or proceeding instituted to collect this Note or to enforce Lender's rights and remedies under the Loan Documents, whether or not such suit or proceeding is prosecuted to judgment or conclusion; (c) all reasonable attorneys' fees and other costs and expenses incurred by Lender in connection with any bankruptcy, insolvency or reorganization proceeding or receivership involving Debtor or any affiliate of Debtor, including any guarantor, and including all reasonable attorneys' fees incurred in making any appearances in any such proceeding or in seeking relief from any stay or injunction issued in or arising out of

3

any such proceeding; and (d) all reasonable attorneys' fees and other costs and expenses incurred in any appellate proceedings and any post-judgment proceedings to collect or enforce the judgment.

13.     Offsets.  No indebtedness evidenced by this Note shall be deemed to have been offset or shall be offset or compensated by all or part of any claim, cause of action, counterclaim or cross-claim, whether liquidated or unliquidated, which Debtor now or hereafter may have or may claim to have against Lender.  This Note and the other Loan Documents are not subject to any right of rescission, set-off, abatement, diminution, counterclaim or defense as against Lender, including, without limitation, any holder of this Note or other assignee of Lender, including the defense of usury, and the operation of any of the terms of the Loan, or the exercise of any right thereunder, will not render the Loan unenforceable, in whole or in part, or subject to any right of rescission, set-off, abatement, diminution, counterclaim or defense, including the defense of usury and whether or not such rescission, set-off, abatement, diminution, counterclaim or other defense arises out of or relates to the Loan Documents or any agreement between Debtor on the one hand or Lender or any affiliate of Lender on the other hand.

14.     Certain Waivers.  Debtor and all endorsers jointly and severally waive diligence, grace, demand, presentment for payment, exhibition of this Note, protest, notice of protest, notice of dishonor, notice of demand, notice of nonpayment, and any and all exemption rights against the indebtedness evidenced by this Note, and agree to any and all extensions or renewals from time to time without notice and to any partial payments of this Note made before or after maturity and that no such extension, renewal or partial payment shall release any one or all of them from the obligation of payment of this Note or any installment of this Note, and consent to offsets of any sums owed to any one or all of them by Lender at any time.

15.     Loss, Theft, Destruction or Mutilation of Note.  In the event of the loss, theft or destruction of this Note, upon Debtor's receipt of a reasonably satisfactory indemnification agreement executed in favor of Debtor by the Person who held this Note immediately prior to its loss, theft or destruction, or in the event of the mutilation of this Note, upon Lender's surrender to Debtor of the mutilated Note, Debtor shall execute and deliver to such party or Lender, as the case may be, a new promissory note in form and content identical to this Note in lieu of the lost, stolen, destroyed or mutilated Note.

16.     Notices.  The provisions of the Loan Agreement concerning the giving and receipt of notices shall apply to any notice or other communication given under this Note.

17.     Construction of Note.  Captions in this Note are included solely for convenience and are not to be referred to in construing or interpreting this Note.  Defined terms may be used in the singular or the plural, as the context requires.  All references to time of day mean the then applicable time in Kansas City, Missouri, unless otherwise expressly provided.  Each reference in this Note to a particular section is a reference to a section of this Note unless otherwise expressly indicated.  The words "include," "includes" and "including" are deemed to be followed by the phrase "without limitation".  Unless the context in which it is used otherwise clearly requires, the word "or" has the inclusive meaning represented by the phrase "and/or".  Unless the context in which it is used otherwise clearly requires, all references to days, weeks and months mean calendar days, weeks and months.  If any portion of this Note is declared invalid, illegal or unenforceable by any court of competent jurisdiction, such portion shall be deemed severed from this Note and the remaining portions shall continue in full force and effect.  Time is strictly of the essence of each and every provision of this Note.

4

18.    Payment on Business Days.  If any day on which a payment is due under this Note or any of the Loan Documents is not a Business Day, then the payment shall be due on the next day following which is a Business Day.

19.    Records of Payment.  The records of Lender shall be *prima facie* evidence of the amount owing on this Note.

20.    No Partnership.  Debtor acknowledges and agrees that the provisions of this Note or any other Loan Documents shall not create a partnership or joint venture between the Credit Parties and Lender. Accordingly, nothing contained in this Note or the other Loan Documents shall obligate or be deemed to obligate Lender to pay any costs, fees or expenses of the Credit Parties, or to reimburse them for any such costs or otherwise. In addition, nothing in this Note or the other Loan Documents shall be deemed to imply that Lender has the right to control or review the Credit's Parties' operation of any business or businesses owned or operated by them.

21.    **GOVERNING LAW.  THE PARTIES HERETO AGREE THAT THE VALIDITY, INTERPRETATION, ENFORCEMENT AND EFFECT OF THIS PROMISSORY NOTE SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF DELAWARE.**

22.    **WAIVER OF JURY TRIAL.  THE PARTIES HEREBY WAIVE ANY RIGHT THAT THEY MAY HAVE TO A TRIAL BY JURY ON ANY CLAIM, COUNTERCLAIM, SETOFF, DEMAND, ACTION OR CAUSE OF ACTION (A) ARISING OUT OF OR IN ANY WAY RELATED TO THIS PROMISSORY NOTE, OR (B) IN ANY WAY CONNECTED WITH OR PERTAINING OR RELATED TO OR INCIDENTAL TO ANY DEALINGS OF LENDER AND/OR THE PARTIES WITH RESPECT TO THE LOAN OR IN CONNECTION WITH THIS PROMISSORY NOTE, OR THE EXERCISE OF EITHER PARTY'S RIGHTS AND REMEDIES UNDER THEREUNDER OR OTHERWISE, OR THE CONDUCT OR THE RELATIONSHIP OF THE PARTIES HERETO, IN ALL OF THE FOREGOING CASES WHETHER NOW EXISTING OR HEREAFTER ARISING AND WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.**

IN WITNESS WHEREOF, Debtor has caused this Promissory Note to be executed and delivered as of the date and year first above written.

*[SINGNAUTE PAGE FOLLOWS]*

5

**SIGNATURE PAGE TO PROMISSORY NOTE**
**MADE BY HMC/CAH CONSOLDIATED, INC. AND HEALTH ACQUISITION COMPANY, LLC**
**DATED DECEMBER 17, 2013**

**HMC/CAH CONSOLIDATED, INC.**

By: _____
Gordon Lansford, Vice President

Attest: _____
Jim Shaffer, Assistant Secretary

6