# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

JAMES SHAFFER, *et al.*,

        Plaintiffs,

v.

HEALTH ACQUISITION COMPANY, LLC, *et al.*,

        Defendants.

Case No. 4:18-cv-00601-NKL

## ORDER

Before the Court are defendants Health Acquisition Company, LLC ("HAC"), Empower H.I.S., LLC, Paul L. Nusbaum, Steven F. White, and Jorge A. Perez's "Suggestion of Bankruptcy Under Chapter 11," Doc. 58, and supplemental "Statement of Authority," Doc. 63. For the following reasons, the Court finds that this case is not subject to an automatic stay of bankruptcy.

**I.**    **Discussion**

On March 26, 2019, Defendants informed the Court that ten acute care rural community hospitals, collectively referred to by the parties as the "HMC Hospitals," have each filed for bankruptcy protection. Doc. 58. Defendants assert this action "is so inextricably intertwined" with the operations of the HMC Hospitals that there is no way to parse out Plaintiffs' claims from those in bankruptcy, and thus, "the automatic stay should apply" to this case, in which the HMC Hospitals are not a party. Doc. 63, ¶¶ 1, 11.

However, an automatic stay applies to actions against a debtor, 11 U.S.C. § 362(a)(1), and actions "to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," *id.* at § 362(a)(3). "The automatic stay does not, in general,

apply to actions against third parties." *In re Panther Mountain Land Dev., LLC*, 686 F.3d 916, 921 (8th Cir. 2012) (finding automatic stay inapplicable).

This case is not an action against a debtor in bankruptcy, nor do Plaintiffs assert any derivative claims on behalf of the debtor HMC Hospitals. *See* Doc. 50 (Order on Defendants' Motion to Dismiss), p. 8 (dismissing Plaintiffs' accounting claim in part on the ground that Plaintiffs lack standing to assert a claim belonging to the HMC Hospitals). Rather, plaintiff shareholders of HMC/CAH Consolidated, Inc. ("HMC"), James and Phyllis Shaffer and FLEMCo, LLC, bring this suit derivatively on behalf of HMC. Plaintiffs allege that Defendants formed a conspiracy to deprive HMC of its majority interest in the HMC Hospitals and conspired to use the HMC Hospitals in an illegal billing scheme, thereby decreasing the value of HMC's ownership interest in the HMC Hospitals. Plaintiffs also assert claims for fraud, breach of fiduciary duties of care and loyalty, conversion, and breach of contract on behalf of HMC. The HMC Hospitals are not now, nor have they ever been, parties to this action.

Further, this action is not an action "to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" of any of the HMC Hospitals. 11 U.S.C. § 362(a)(3). If successful, the action would, at most, find Defendants liable for monetary damages; it would not change control of the debtors' property or divest the various estates of possession of the property.

To the extent that Defendants seek to invoke an extension of the stay, they "must affirmatively seek an order from the bankruptcy court, which has authority to extend the protections of 362(a) pursuant to its equity powers under section 105 [11 U.S.C. § 105]." *C.H. Robinson Co. v. Paris & Sons, Inc.*, 180 F. Supp. 2d 1002, 1018 (N.D. Iowa 2001). Defendants here have made no representation that such a request has yet been made.

## II. Conclusion

For the foregoing reasons, the Court finds that this case is not subject to an automatic stay of bankruptcy.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: April 3, 2019
Jefferson City, Missouri