**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**(WESTERN DIVISION)**

| | | |
|---|---|---|
| JAMES AND PHYLLIS SHAFFER, | ) | CIVIL ACTION NO.: |
| FLEMCo, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 4:18-cv-00601-NKL |
| HMC/CAH CONSOLIDATED, INC, | ) | |
| | ) | |
| Nominal-Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HEALTH ACQUISITION COMPANY, LLC, | ) | |
| EMPOWER H.I.S., LLC, PAUL L. NUSBAUM, | ) | |
| STEVEN F. WHITE and JORGE A. PEREZ | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

## DEFENDANTS' ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES

**COMES NOW** Defendants, HEALTH ACQUISITION COMPANY, LLC, EMPOWER H.I.S., LLC, PAUL L. NUSBAUM, STEVEN F. WHITE and JORGE A. PEREZ (herein, collectively "Defendants"), by and through undersigned counsel, and in accordance with the applicable Fed.R.Civ.P., hereby file this, their Answer, Defenses and Affirmative Defenses to the Second Amended Complaint of Plaintiffs (the "Complaint") [D.E. #57], and, in response to each respectively numbered paragraph of the Complaint, state as follows:

### NATURE OF THE ACTION

1.     Defendants deny the allegations set forth in paragraph 1 of the Complaint in their entirety and demand strict proof thereof.

2.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 2 of the Complaint, and accordingly deny the allegations in their entirety and demand

strict proof thereof.

3.     Defendants admit that  as of March 29, 2017, Health Acquisition Company, LLC acquired a controlling interest, but Defendants deny the remaining allegations set forth in paragraph 3 of the Complaint in their entirety and demand strict proof thereof.

4.     Defendants deny the allegations set forth in paragraph 4 of the Complaint in their entirety and demand strict proof thereof.

## PARTIES

5.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 5 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

6.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 6 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

7.     Defendants deny the allegations set forth in paragraph 7 of the Complaint in their entirety and demand strict proof thereof.

8.     Defendants deny the allegations set forth in paragraph 8 of the Complaint in their entirety and demand strict proof thereof.

9.     Defendants admit the allegations set forth in paragraph 9 for jurisdictional purposes only, without admitting jurisdiction or any substantive facts therein. As to any substantive allegations. Defendants deny knowledge sufficient to form a belief as to the allegations, and demand strict proof thereof.

10.     Defendants admit the allegations set forth in paragraph 10 for jurisdictional purposes only, without admitting jurisdiction or any substantive facts therein. As to any substantive

allegations. Defendants deny knowledge sufficient to form a belief as to the allegations, and demand strict proof thereof.

11.      Defendants admit the allegations set forth in paragraph 11 for jurisdictional purposes only, without admitting jurisdiction or any substantive facts therein. As to any substantive allegations. Defendants deny knowledge sufficient to form a belief as to the allegations, and demand strict proof thereof.

12.      Defendants admit the allegations set forth in paragraph 12 for jurisdictional purposes only, without admitting jurisdiction or any substantive facts therein. As to any substantive allegations. Defendants deny knowledge sufficient to form a belief as to the allegations, and demand strict proof thereof.

13.      Defendants admit the allegations set forth in paragraph 13 for jurisdictional purposes only, without admitting jurisdiction or any substantive facts therein. As to any substantive allegations. Defendants deny knowledge sufficient to form a belief as to the allegations, and demand strict proof thereof.

<u>**JURISDICTION AND VENUE**</u>

14.      Defendants deny the allegations set forth in paragraph 14 of the Complaint in their entirety and demand strict proof thereof.

15.      Defendants deny the allegations set forth in paragraph 15 of the Complaint in their entirety and demand strict proof thereof.

16.      Defendants deny the allegations set forth in paragraph 16 of the Complaint in their entirety and demand strict proof thereof.

17.      Defendants deny the allegations set forth in paragraph 17 of the Complaint in their entirety and demand strict proof thereof.

18.     Defendants deny the allegations set forth in paragraph 18 of the Complaint in their entirety and demand strict proof thereof.

19.     Defendants deny the allegations set forth in paragraph 19 of the Complaint in their entirety and demand strict proof thereof.

20.     Defendants deny the allegations set forth in paragraph 20 of the Complaint in their entirety and demand strict proof thereof.

21.     Defendants deny the allegations set forth in paragraph 21 of the Complaint in their entirety and demand strict proof thereof.

## CERTAIN EVENTS AND AGREEMENTS

22.     Defendants admit that as of March 29, 2017, Health Acquisition Company, LLC acquired a controlling interest, but Defendants deny the remaining allegations set forth in paragraph 22 of the Complaint as to HMC's interest, in their entirety and demand strict proof thereof. As to the underlying transaction, Defendants neither admit nor deny the allegations set forth in paragraph 22, as the documents governing such transaction, speak for themselves.  To the extent the allegations of paragraph 22 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 22  of the Complaint in their entirety and demand strict proof thereof.

23.     Defendants admit that HAC lent $6 million to HMC. As to the underlying transaction, Defendants neither admit nor deny the allegations set forth in paragraph 23, as the documents governing such transaction, speak for themselves.  To the extent the allegations of paragraph 23 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to

all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 23  of the Complaint in their entirety and demand strict proof thereof.

24.     Defendants neither admit nor deny the allegations set forth in paragraph 24, as the documents governing such transaction (Exhibit B), speak for themselves.  To the extent the allegations of paragraph 24 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 24  of the Complaint in their entirety and demand strict proof thereof.

25.     Defendants admit that 50% of the interest was sold to the Perez family. As to the underlying transaction, Defendants neither admit nor deny the allegations set forth in paragraph 25, as the documents governing such transaction, speak for themselves.  To the extent the allegations of paragraph 25 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, and as to Nusbaum being a manager, Defendants deny the allegations set forth in paragraph 25  of the Complaint in their entirety and demand strict proof thereof.

26.     Defendants neither admit nor deny the allegations set forth in paragraph 26, as the documents governing such transaction (Exhibit C), speak for themselves.  To the extent the allegations of paragraph 26 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 26  of the Complaint in their entirety and demand strict proof thereof.

27.     Defendants deny the allegations set forth in paragraph 27 of the Complaint in their

entirety and demand strict proof thereof.

28.      Defendants neither admit nor deny the allegations set forth in paragraph 28, as the documents governing such transaction (Exhibit D), speak for themselves.  To the extent the allegations of paragraph 28 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 28  of the Complaint in their entirety and demand strict proof thereof.

## FORMATION OF CIVIL CONSPIRACY

29.      Defendants deny the allegations set forth in paragraph 29 of the Complaint in their entirety and demand strict proof thereof.

30.      Defendants deny the allegations set forth in paragraph 30 of the Complaint in their entirety and demand strict proof thereof.

31.      Defendants deny the allegations set forth in paragraph 31 of the Complaint in their entirety and demand strict proof thereof.

32.      Defendants deny the allegations set forth in paragraph 32 of the Complaint in their entirety and demand strict proof thereof.

## FRAUDULENT ACTS AND OMISSIONS

33.      Defendants neither admit nor deny the allegations set forth in paragraph 33, as the documents governing such transaction (Exhibit E), speak for themselves.  To the extent the allegations of paragraph 33 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 33  of the Complaint in their entirety and demand strict proof thereof.

34.     Defendants neither admit nor deny the allegations set forth in paragraph 34, as the documents governing such transaction (Exhibit E), speak for themselves.  To the extent the allegations of paragraph 34 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 34  of the Complaint in their entirety and demand strict proof thereof.

35.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 35 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

36.     Defendants neither admit nor deny the allegations set forth in paragraph 36, as the documents governing such transaction, speak for themselves.  To the extent the allegations of paragraph 36 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 36  of the Complaint in their entirety and demand strict proof thereof.

37.     Defendants deny the allegations set forth in paragraph 37 of the Complaint in their entirety and demand strict proof thereof.

## THE SCHEME AT PUTNAM COUNTY HOSPITAL

38.     Defendants deny the allegations set forth in paragraph 38 of the Complaint in their entirety and demand strict proof thereof.

39.     Defendants deny the allegations set forth in paragraph 39 of the Complaint in their entirety and demand strict proof thereof.

40.     Defendants deny the allegations set forth in paragraph 40 of the Complaint in their

entirety and demand strict proof thereof.

41.     Defendants deny the allegations set forth in paragraph 41 of the Complaint in their entirety and demand strict proof thereof.

42.     Defendants neither admit nor deny the allegations set forth in paragraph 42, as the documents in the subject litigation speak for themselves.  To the extent the allegations of paragraph 42 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 42  of the Complaint in their entirety and demand strict proof thereof.

## THE SCHEME AT THE HMC HOSPITALS

43.     Defendants deny the allegations set forth in paragraph 43 of the Complaint in their entirety and demand strict proof thereof.

44.     Defendants deny the allegations set forth in paragraph 44 of the Complaint in their entirety and demand strict proof thereof.

45.     Defendants deny the allegations set forth in paragraph 45 of the Complaint in their entirety and demand strict proof thereof.

46.     Defendants deny the allegations set forth in paragraph 46 of the Complaint in their entirety and demand strict proof thereof.

47.     Defendants deny the allegations set forth in paragraph 47 of the Complaint in their entirety and demand strict proof thereof.

48.     Defendants deny the allegations set forth in paragraph 48 of the Complaint in their entirety and demand strict proof thereof.

49.     Defendants deny the allegations set forth in paragraph 49 of the Complaint in their

entirety and demand strict proof thereof.

50.     Defendants deny the allegations set forth in paragraph 50 of the Complaint in their entirety and demand strict proof thereof.

51.     Defendants deny the allegations set forth in paragraph 51 of the Complaint in their entirety and demand strict proof thereof.

## DETAILS OF THE SCHEME

52.     Defendants deny the allegations set forth in paragraph 52 of the Complaint in their entirety and demand strict proof thereof.

53.     Defendants deny the allegations set forth in paragraph 53 of the Complaint in their entirety and demand strict proof thereof.

54.     Defendants deny the allegations set forth in paragraph 54 of the Complaint in their entirety and demand strict proof thereof.

55.     Defendants deny the allegations set forth in paragraph 55 of the Complaint in their entirety and demand strict proof thereof.

56.     Defendants deny the allegations set forth in paragraph 56 of the Complaint in their entirety and demand strict proof thereof.

## BREACHES OF FIDUCIARY DUTY

57.     Defendants neither admit nor deny the allegations set forth in paragraph 57, as the documents governing such transaction (Exhibit D), speak for themselves.  To the extent the allegations of paragraph 57 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 57  of the Complaint in their entirety and demand strict proof thereof.

58.     Defendants neither admit nor deny the allegations set forth in paragraph 58, as the documents governing such transaction (Exhibit D), speak for themselves.   To the extent the allegations of paragraph 58 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 58 of the Complaint in their entirety and demand strict proof thereof.

59.     Defendants deny the allegations set forth in paragraph 59 of the Complaint in their entirety and demand strict proof thereof.

60.     Defendants deny the allegations set forth in paragraph 60 of the Complaint in their entirety and demand strict proof thereof.

61.     Defendants deny the allegations set forth in paragraph 61 of the Complaint in their entirety and demand strict proof thereof.

## INVOLVEMENT IN ILLEGAL BILLING SCHEME

62.     Defendants deny the allegations set forth in paragraph 62 of the Complaint in their entirety and demand strict proof thereof.

## FILING OF MISREPRESENTED AND FALSE COST REPORTS AND OVERCHARGING FOR SERVICES FROM RELATED ORGANIZATIONS

63.     Defendants deny the allegations set forth in paragraph 63 of the Complaint in their entirety and demand strict proof thereof.

64.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 64 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

65.     Defendants neither admit nor deny the allegations set forth in paragraph 65, as the applicable CMS Rules, speak for themselves.   To the extent the allegations of paragraph 65 attempt

to provide, modify, or otherwise interpret, the language of the rules referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 65 of the Complaint in their entirety and demand strict proof thereof.

66.     Defendants neither admit nor deny the allegations set forth in paragraph 66, as the applicable CMS Rules, speak for themselves. To the extent the allegations of paragraph 66 attempt to provide, modify, or otherwise interpret, the language of the rules referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 66 of the Complaint in their entirety and demand strict proof thereof.

67.     Defendants neither admit nor deny the allegations set forth in paragraph 67, as the applicable CMS Rules, speak for themselves. To the extent the allegations of paragraph 67 attempt to provide, modify, or otherwise interpret, the language of the rules referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 67 of the Complaint in their entirety and demand strict proof thereof.

68.     Defendants deny the allegations set forth in paragraph 68 of the Complaint in their entirety and demand strict proof thereof.

69.     Defendants neither admit nor deny the allegations set forth in paragraph 69, as the applicable CMS Rules, speak for themselves. To the extent the allegations of paragraph 69 attempt to provide, modify, or otherwise interpret, the language of the rules referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 69 of the Complaint in their entirety and

demand strict proof thereof.

70.     Defendants neither admit nor deny the allegations set forth in paragraph 70, as the applicable CMS Rules, speak for themselves.  To the extent the allegations of paragraph 70 attempt to provide, modify, or otherwise interpret, the language of the rules referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 70 of the Complaint in their entirety and demand strict proof thereof.

71.     Defendants deny the allegations set forth in paragraph 71 of the Complaint in their entirety and demand strict proof thereof.

72.     Defendants deny the allegations set forth in paragraph 72 of the Complaint in their entirety and demand strict proof thereof.

73.     Defendants deny the allegations set forth in paragraph 73 of the Complaint in their entirety and demand strict proof thereof.

74.     Defendants deny the allegations set forth in paragraph 74 of the Complaint in their entirety and demand strict proof thereof.

## **DELEGATION OF FULL AUTHORITY TO DEFENDANT PEREZ**

75.     Defendants deny the allegations set forth in paragraph 75 of the Complaint in their entirety and demand strict proof thereof.

76.     Defendants neither admit nor deny the allegations set forth in paragraph 76, as the documents referred to (Exhibit F), speak for themselves.  To the extent the allegations of paragraph 76 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 76  of the Complaint in their

entirety and demand strict proof thereof.

77.    Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 77 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

78.    Defendants neither admit nor deny the allegations set forth in paragraph 78, as the documents referred to (Exhibit F), speak for themselves.  To the extent the allegations of paragraph 78 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 78  of the Complaint in their entirety and demand strict proof thereof.

79.    Defendants neither admit nor deny the allegations set forth in paragraph 79, as the documents referred to (Exhibit F), speak for themselves.  To the extent the allegations of paragraph 79 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 79  of the Complaint in their entirety and demand strict proof thereof.

80.    Defendants deny the allegations set forth in paragraph 80 of the Complaint in their entirety and demand strict proof thereof.

## CONVERSION OF HMC ACCOUNTS

81.    Defendants deny the allegations set forth in paragraph 81 of the Complaint in their entirety and demand strict proof thereof.

82.    Defendants deny the allegations set forth in paragraph 82 of the Complaint in their entirety and demand strict proof thereof.

83.     Defendants deny the allegations set forth in paragraph 83 of the Complaint in their entirety and demand strict proof thereof.

84.     Defendants deny the allegations set forth in paragraph 84 of the Complaint in their entirety and demand strict proof thereof.

85.     Defendants deny the allegations set forth in paragraph 85 of the Complaint in their entirety and demand strict proof thereof.

## MISAPPROPRIATION OF FUNDS

86.     Defendants deny the allegations set forth in paragraph 86 of the Complaint in their entirety and demand strict proof thereof.

87.     Defendants deny the allegations set forth in paragraph 87 of the Complaint in their entirety and demand strict proof thereof.

88.     Defendants deny the allegations set forth in paragraph 88 of the Complaint in their entirety and demand strict proof thereof.

## BANK LOANS – BREACH OF AFFIRMATIVE COVENANTS

89.     Defendants deny the allegations set forth in paragraph 89 of the Complaint in their entirety and demand strict proof thereof.

90.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 90 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

91.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 91 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

92.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth

in paragraph 92 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

93.     Defendants neither admit nor deny the allegations set forth in paragraph 93, as the documents governing such transaction (Exhibit C), speak for themselves.   To the extent the allegations of paragraph 93 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 93  of the Complaint in their entirety and demand strict proof thereof.

94.     Defendants deny the allegations set forth in paragraph 94 of the Complaint in their entirety and demand strict proof thereof.

## BANK LOANS – BREACH OF "DUE-ON-SALE" CLAUSES

95.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 95 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

96.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 96 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

97.     Defendants deny the allegations set forth in paragraph 97 of the Complaint in their entirety and demand strict proof thereof.

## FIRST CAUSE OF ACTION
### (Civil Conspiracy against all Defendants)

98.     Defendants repeat and reallege their responses to paragraphs 1 through 97 herein, as if set forth herein, fully repeated and realleged.

99.     Defendants deny the allegations set forth in paragraph 99 of the Complaint in their

entirety and demand strict proof thereof.

100. Defendants deny the allegations set forth in paragraph 100 of the Complaint in their entirety and demand strict proof thereof.

101. Defendants deny the allegations set forth in paragraph 101 of the Complaint in their entirety and demand strict proof thereof.

102. Defendants deny the allegations set forth in paragraph 102 of the Complaint in their entirety and demand strict proof thereof.

103. Defendants deny the allegations set forth in paragraph 103 of the Complaint in their entirety and demand strict proof thereof.

104. Defendants deny the allegations set forth in paragraph 104 of the Complaint in their entirety and demand strict proof thereof.

105. Defendants deny the allegations set forth in paragraph 105 of the Complaint in their entirety and demand strict proof thereof.

<u>SECOND CAUSE OF ACTION</u>
**(Fraudulent Misrepresentation against all Defendants)**

106. Defendants repeat and reallege their responses to paragraphs 1 through 97 herein, as if set forth herein, fully repeated and realleged.

107. Defendants deny the allegations set forth in paragraph 107 of the Complaint in their entirety and demand strict proof thereof.

108. Defendants deny the allegations set forth in paragraph 108 of the Complaint in their entirety and demand strict proof thereof.

109. Defendants deny the allegations set forth in paragraph 109 of the Complaint in their entirety and demand strict proof thereof.

110. Defendants deny the allegations set forth in paragraph 110 of the Complaint in their

entirety and demand strict proof thereof.

### THIRD CAUSE OF ACTION
**(Fraudulent Concealment against all Defendants)**

111.   Defendants repeat and reallege their responses to paragraphs 1 through 97 herein, as if set forth herein, fully repeated and realleged.

112.   Defendants deny the allegations set forth in paragraph 112 of the Complaint in their entirety and demand strict proof thereof.

113.   Defendants deny the allegations set forth in paragraph 113 of the Complaint in their entirety and demand strict proof thereof.

114.   Defendants deny the allegations set forth in paragraph 114 of the Complaint in their entirety and demand strict proof thereof.

115.   Defendants deny the allegations set forth in paragraph 115 of the Complaint in their entirety and demand strict proof thereof.

116.   Defendants deny the allegations set forth in paragraph 116 of the Complaint in their entirety and demand strict proof thereof.

117.   Defendants deny the allegations set forth in paragraph 117 of the Complaint in their entirety and demand strict proof thereof.

### FOURTH CAUSE OF ACTION
**(Breach of Fiduciary Duty against Defendants, Nusbaum, White and Perez)**

118.   Defendants repeat and reallege their responses to paragraphs 1 through 97 herein, as if set forth herein, fully repeated and realleged.

119.   Defendants deny the allegations set forth in paragraph 119 of the Complaint in their entirety and demand strict proof thereof.

120.   Defendants deny the allegations set forth in paragraph 120 of the Complaint in their

entirety and demand strict proof thereof.

121. Defendants deny the allegations set forth in paragraph 121 of the Complaint in their entirety and demand strict proof thereof.

**FIFTH CAUSE OF ACTION**
**(Breach of Fiduciary Duty against Defendant, HAC)**

122. Defendants repeat and reallege their responses to paragraphs 1 through 97 herein, as if set forth herein, fully repeated and realleged.

123. Defendants deny the allegations set forth in paragraph 123 of the Complaint in their entirety and demand strict proof thereof.

124. Defendants deny the allegations set forth in paragraph 124 of the Complaint in their entirety and demand strict proof thereof.

125. Defendants deny the allegations set forth in paragraph 125 of the Complaint in their entirety and demand strict proof thereof.

126. Defendants deny the allegations set forth in paragraph 126 of the Complaint in their entirety and demand strict proof thereof.

127. Defendants deny the allegations set forth in paragraph 127 of the Complaint in their entirety and demand strict proof thereof.

**SIXTH CAUSE OF ACTION**
**(Conversion against all Defendants)**

128. Defendants repeat and reallege their responses to paragraphs 1 through 97 herein, as if set forth herein, fully repeated and realleged.

129. Defendants deny the allegations set forth in paragraph 129 of the Complaint in their entirety and demand strict proof thereof.

130. Defendants deny the allegations set forth in paragraph 130 of the Complaint in their

entirety and demand strict proof thereof.

131.     Defendants deny the allegations set forth in paragraph 131 of the Complaint in their entirety and demand strict proof thereof.

132.     Defendants deny the allegations set forth in paragraph 132 of the Complaint in their entirety and demand strict proof thereof.

**SEVENTH CAUSE OF ACTION**
**(Breach of Contract against HAC)**

133.     Defendants repeat and reallege their responses to paragraphs 1 through 97 herein, as if set forth herein, fully repeated and realleged.

134.     Defendants deny the allegations set forth in paragraph 134 of the Complaint in their entirety and demand strict proof thereof.

135.     Defendants deny the allegations set forth in paragraph 135 of the Complaint in their entirety and demand strict proof thereof.

136.     Defendants deny the allegations set forth in paragraph 136 of the Complaint in their entirety and demand strict proof thereof.

**DEFENSES AND AFFIRMATIVE DEFENSES**

137.     Defendants raise as a defense, that this Court lacks subject matter jurisdiction over the cause as pled, thereby requiring the Complaint to be dismissed. HMC/CAH Consolidated, Inc. has had its Charter revoked and accordingly, there is no subject matter over a derivative claim.

138.     Defendants raise as a defense, that the Plaintiffs lack standing, thereby requiring the Complaint to be dismissed. HMC/CAH Consolidated, Inc. has had its Charter revoked and accordingly, no one may have standing.

139.     Defendants raise as a defense, that the Plaintiffs have failed to meet the condition precedent to filing a derivative action, thereby requiring the Complaint to be dismissed.

Case 4:18-cv-00601-NKL   Document 69   Filed 04/08/19   Page 19 of 23

HMC/CAH Consolidated, Inc., had no authorized party who could refuse to commence the action, and Plaintiffs have not alleged demand was excused.

140.    Defendants raise as a defense, that the Plaintiffs have failed to state a cause of action, thereby requiring the Complaint to be dismissed.

141.    Defendants raise as a defense, that this Court lacks personal jurisdiction over the cause as pled, thereby requiring the Complaint to be dismissed.

142.    Defendants raise as a defense, that this Court is not proper venue, thereby requiring the Complaint to be dismissed.

143.    Defendants raise as a defense, that the Plaintiffs have failed to name indispensable parties to this proceeding, that being all subject Hospitals at issue.

144.    Defendants raise as a defense, that the subject Hospitals at issue are all in bankruptcy, thereby divesting this Court of jurisdiction and requiring a stay herein.

145.    Defendants raise waiver as a defense, thereby requiring the Complaint to be dismissed.

146.    Defendants raise estoppel as a defense, thereby requiring the Complaint to be dismissed.

147.    Defendants raise novation as a defense, thereby requiring the Complaint to be dismissed.

148.    Defendants raise accord and satisfaction as a defense, thereby requiring the Complaint to be dismissed.

149.    Defendants raise the failure to mitigate damages as a defense, thereby requiring any relief under the Complaint to be reduced/denied accordingly.

150.    Defendants raise as a defense, that the Plaintiffs' claims are barred, in full or in part,

by their unclean hands.

151.    Defendants raise as a defense, that the Plaintiffs' claims are barred, in full or in part, by their comparative fault.

152.    Defendants raise the "statute of frauds" as a defense, as some/all of the issues raised have not been properly documented.

153.    Defendants raise laches as a defense, as some/all of the issues raised have not been timely raised.

154.    Defendants raise the "statute of limitations" as a defense, as some/all of the issues raised have not been timely raised.

155.    Defendants raise "unclean hands" as a defense, thereby requiring the Complaint to be dismissed.

156.    Defendants raise as a defense that as to any contract(s), Plaintiffs failed to perform the subject contracts and accordingly may not enforce same, thereby requiring the Complaint to be dismissed.

157.    Defendants raise as a defense that as to any contract(s), Plaintiff first breached the subject contracts and accordingly may not enforce same, thereby requiring the Complaint to be dismissed.

158.    Defendants raise as a defense that as to any contract(s), they fail for lack of consideration, thereby requiring the Complaint to be dismissed.

159.    Defendants raise as a defense that as to any contract(s), they fail for failure of consideration, thereby requiring the Complaint to be dismissed.

160.    Defendants raise as a defense to any "fraud in the performance," said conduct is barred by the economic loss rule, thereby requiring the Complaint to be dismissed.

161.    Defendants raise as a defense, entitlement to setoff and recoupment for any amounts due to Defendants from Plaintiffs, or HMC/CAH Consolidated, Inc., or the subject Hospitals under any legal theories.

162.    Defendants raise as a defense, entitlement to setoff and recoupment for any amounts due to Defendants as to the value of their services rendered.

163.    Defendants reserve their right to add to, and amend, these defenses as additional facts come to light during this proceeding.

### RESPONSE TO PRAYER FOR RELIEF

WHEREFORE, Defendants, having answered the Complaint of Plaintiffs, and having raised defenses and affirmative defenses thereto, respectfully submits that the Complaint must be dismissed in its entirety, together with an appropriate assessment of attorney's fees and costs against Plaintiffs, and together with such other, further and different relief may seem just, proper and equitable to the Court under the circumstances.

Date: April 8, 2019

Respectfully submitted,

CHAPMAN AND COWHERD, P.C.
By:  _/s/ Lauren A. Horsman_
    Lauren A. Horsman – Mo Bar No. 60982
    903 Jackson – P.O. Box 228
    Chillicothe, MO  64601
    Telephone:  660-646-0627
    Telefax:  660-646-1105
    E-mail: lhorsman@ccttlaw.com
    ATTORNEY FOR DEFENDANTS

FMS LAWYER PL
By:  _/s/ Frank Smith_
    Frank Smith – FL Bar No. 069681
    9900 Stirling Road, Suite 226
    Cooper City, FL 33024
    Telephone: 954-985-1400

Telefax: 954-241-6947
Email: frank.smith@fmslawyer.com
ATTORNEY FOR DEFENDANTS
*Admitted Pro Hac Vice*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of April 2019, I electronically served a true copy of the foregoing to all counsel of record.

*/s/ Lauren A. Horsman*