IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAMES SHAFFER, et ux., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| HMC/CAH CONSOLIDATED, INC. ) | |
| A Delaware corporation, ) | |
| ) | |
| Nominal Plaintiff ) | Case No. 4:18-cv-00601-NKL |
| ) | |
| v. ) | |
| ) | |
| ) | |
| HEALTH ACQUISITION COMPANY LLC, ) | |
| A West Virginia limited liability company, ) | |
| et al., ) | |
| ) | |
| ) | |
| Defendants ) | |
| ) | |

### SUGGESTIONS IN SUPPORT OF UNOPPOSED MOTION FOR ORDER EXTENDING DATES IN SCHEDULING ORDER AND TRIAL DATE

Plaintiffs submit these suggestions in support of their motion to extend the dates in the scheduling order.

Rule 16.3(a)1 of this Court provides that dates in a scheduling order may be extended based on a demonstrated specific need for the extension. Plaintiffs believe this requirement is satisfied by the facts set forth in their motion. The motion for an extension must also contain a detailed proposed amendment to the existing scheduling order. The amended dates Plaintiffs are seeking at this time are also set forth in the motion. Other dates such as a pretrial and trial date are dependent on the Court's calendar. Because Plaintiffs are requesting an extension of discovery, the Rule requires that the remaining discovery be specifically described. This requirement is

1

difficult to meet in this instance, based on the circumstances set forth in the motion. At a minimum, after reasonable document production, depositions will be taken of the Defendants and presumably of the Plaintiffs, in addition to experts. There will also be depositions of witnesses in the categories of former administrators of some of the hospitals and persons who worked at the management company, EMPOWER HMS. It is simply not practical at this juncture to state the name of each such person or the date, time and place of the deposition.

The Court must find good cause for the extension. *See, e.g.*, *Lovvorn v. Ryder Integrated Logistics, Inc.*, No. 4:18-00732-CV-RK (W.D. Mo., March 25, 2019) (primary consideration in determining good cause is moving party's diligence in attempting to meet the scheduling order, *citing Bradford v. Dana Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). Plaintiffs submit that the motion demonstrates good cause. The motion also shows that there has been an active effort to conduct discovery and that disabling circumstances have prevented the accomplishment of significant discovery. These are in the form of the numerous objections to production of documents, the Defendants' ultimate claim to have no documents and the need to obtain critical documents from third parties.

*Bradford, supra*, also notes some consideration is given to possible prejudice to the opposing party but here counsel for Defendants White, Nusbaum and HAC and Defendant Perez have not objected to this motion.

## Conclusion

For the foregoing reasons, Plaintiffs request the extensions of the scheduling order set forth in their motion.

Respectfully submitted,

Wood Law Office LLC

By: /s/C. Brooks Wood
C. Brooks Wood, Mo. Bar 24077
1600 Genesee St., Ste. 455
Kansas City, Missouri 64102
816-469-5005
bwood@bwoodlawllc.com

Attorney for Plaintiffs

I certify that on this 18th day of June, 2019, I filed the foregoing document electronically with the Clerk of the Court by using the CM/ECF system, a true copy thereby to be furnished to all counsel of record and served a copy on Defendant Perez by email to APBJAP@gmail.com.

/s/C. Brooks Wood