## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| KIRK AND DEBBIE HALL, ) | |
| ) | |
| FLEMCo, LLC, ) | |
| ) | |
| Plaintiffs, ) | No. 4:18-cv-00601-NKL |
| ) | |
| HMC/CAH CONSOLIDATED, INC, ) | |
| ) | |
| Nominal-Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| HEALTH ACQUISITION COMPANY, LLC, ) | |
| EMPOWER H.I.S., LLC, PAUL L. NUSBAUM, ) | |
| STEVEN F. WHITE and JORGE A. PEREZ ) | |
| ) | |
| Defendants, ) | |

## DEFENDANTS' ANSWER

Defendants, HEALTH ACQUISITION COMPANY, LLC, PAUL L. NUSBAUM, and

STEVEN F. WHITE (herein, collectively "Defendants"), by and through undersigned counsel,

and in accordance with the applicable Fed.R.Civ.P., hereby file their Answer, Defenses and

Affirmative Defenses to the Third Amended Complaint of Plaintiffs (the "Complaint") and, in

response to each respectively numbered paragraph of the Complaint, state as follows:

## NATURE OF THE ACTION

1.     Defendants deny the allegations set forth in paragraph 1 of the Complaint in their

entirety and demand strict proof thereof.

2.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth

in paragraph 2 of the Complaint, and accordingly deny the allegations in their entirety.

3.     Defendants admit that as of March 29, 2017, Health Acquisition Company, LLC acquired a controlling interest, but Defendants deny the remaining allegations set forth in paragraph 3 of the Complaint in their entirety.

4.     Defendants deny the allegations set forth in paragraph 4 of the Complaint in their entirety and demand strict proof thereof.

## PARTIES

5.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 5 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

6.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 6 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

7.     Defendants deny the allegations set forth in paragraph 7 of the Complaint in their entirety and demand strict proof thereof.

8.     Defendants deny the allegations set forth in paragraph 8 of the Complaint in their entirety and demand strict proof thereof.

9.     Defendants admit that HAC is a West Virginia company with its principal office in West Virginia, and that Paul Nusbaum and Steven White are members of HAC and citizens of West Virginia. Defendants deny knowledge sufficient to form a belief as to the remaining allegations and therefore deny them.

10.    Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 10, and therefore deny them.

11.    Defendants admit that Paul Nusbaum is a citizen of West Virginia. Defendants

deny all other allegations in paragraph 11.

12.     Defendants admit that Steven White is a citizen of West Virginia. Defendants deny all other allegations in paragraph 12.

13.     Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 13, and therefore deny them.

## JURISDICTION AND VENUE

14.     Defendants deny the allegations set forth in paragraph 14 of the Complaint in their entirety and demand strict proof thereof.

15.     Defendants deny the allegations set forth in paragraph 15 of the Complaint in their entirety and demand strict proof thereof.

16.     Defendants deny the allegations set forth in paragraph 16 of the Complaint in their entirety and demand strict proof thereof.

17.     Defendants deny the allegations set forth in paragraph 17 of the Complaint in their entirety and demand strict proof thereof.

18.      Defendants deny the allegations set forth in paragraph 18 of the Complaint in their entirety and demand strict proof thereof.

19.      Defendants deny the allegations set forth in paragraph 19 of the Complaint in their entirety and demand strict proof thereof.

20.      Defendants deny the allegations set forth in paragraph 20 of the Complaint in their entirety and demand strict proof thereof.

21.      Defendants deny the allegations set forth in paragraph 21 of the Complaint in their entirety and demand strict proof thereof.

**CERTAIN EVENTS AND AGREEMENTS**

22.      Defendants admit that as of March 29, 2017, Health Acquisition Company, LLC acquired a controlling interest, but Defendants deny the remaining allegations set forth in paragraph 22 of the Complaint.

23.      Defendants admit that HAC lent $6 million to HMC. Defendants deny the remaining allegations set forth in paragraph 23 of the Complaint.

24.      Defendants deny the allegations in paragraph 24.

25.      Defendants admit that 50% of the interest was sold to the Perez family. Defendants deny the remaining allegations set forth in paragraph 25 of the Complaint in their entirety and demand strict proof thereof.

26.      Defendants deny the allegations set forth in paragraph 26 of the Complaint in their entirety and demand strict proof thereof.

27.      Defendants deny the allegations set forth in paragraph 27 of the Complaint in their

entirety and demand strict proof thereof.

28.	Defendants deny the allegations set forth in paragraph 28 of the Complaint in their entirety and demand strict proof thereof.

## <u>FORMATION OF CIVIL CONSPIRACY</u>

29.	Defendants deny the allegations set forth in paragraph 29 of the Complaint in their entirety and demand strict proof thereof.

30.	Defendants deny the allegations set forth in paragraph 30 of the Complaint in their entirety and demand strict proof thereof.

31.	Defendants deny the allegations set forth in paragraph 31 of the Complaint in their entirety and demand strict proof thereof.

32.	Defendants deny the allegations set forth in paragraph 32 of the Complaint in their entirety and demand strict proof thereof.

## <u>FRAUDULENT ACTS AND OMISSIONS</u>

33.	Defendants deny the allegations set forth in paragraph 33 of the Complaint in their entirety and demand strict proof thereof.

34.     Defendants deny the allegations set forth in paragraph 34 of the Complaint in their entirety and demand strict proof thereof.

35.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 35 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

36.     Defendants deny the allegations set forth in paragraph 36 of the Complaint in their entirety and demand strict proof thereof.

37.     Defendants deny the allegations set forth in paragraph 37 of the Complaint in their entirety and demand strict proof thereof.

## THE SCHEME AT PUTNAM COUNTY HOSPITAL

38.     Defendants deny the allegations set forth in paragraph 38 of the Complaint in their entirety and demand strict proof thereof.

39.     Defendants deny the allegations set forth in paragraph 39 of the Complaint in their entirety and demand strict proof thereof.

40.     Defendants deny the allegations set forth in paragraph 40 of the Complaint in their

entirety and demand strict proof thereof.

41.     Defendants deny the allegations set forth in paragraph 41 of the Complaint in their entirety and demand strict proof thereof.

42.     Defendants deny the allegations set forth in paragraph 42 of the Complaint in their entirety and demand strict proof thereof.

## THE SCHEME AT THE HMC HOSPITALS

43.     Defendants deny the allegations set forth in paragraph 43 of the Complaint in their entirety and demand strict proof thereof.

44.     Defendants deny the allegations set forth in paragraph 44 of the Complaint in their entirety and demand strict proof thereof.

45.     Defendants deny the allegations set forth in paragraph 45 of the Complaint in their entirety and demand strict proof thereof.

46.     Defendants deny the allegations set forth in paragraph 46 of the Complaint in their entirety and demand strict proof thereof.

47.     Defendants deny the allegations set forth in paragraph 47 of the Complaint in their entirety and demand strict proof thereof.

48.     Defendants deny the allegations set forth in paragraph 48 of the Complaint in their entirety and demand strict proof thereof.

49.     Defendants deny the allegations set forth in paragraph 49 of the Complaint in their

entirety and demand strict proof thereof.

50.     Defendants deny the allegations set forth in paragraph 50 of the Complaint in their entirety and demand strict proof thereof.

51.     Defendants deny the allegations set forth in paragraph 51 of the Complaint in their entirety and demand strict proof thereof.

## DETAILS OF THE SCHEME

52.     Defendants deny the allegations set forth in paragraph 52 of the Complaint in their entirety and demand strict proof thereof.

53.     Defendants deny the allegations set forth in paragraph 53 of the Complaint in their entirety and demand strict proof thereof.

54.     Defendants deny the allegations set forth in paragraph 54 of the Complaint in their entirety and demand strict proof thereof.

55.     Defendants deny the allegations set forth in paragraph 55 of the Complaint in their entirety and demand strict proof thereof.

56.     Defendants deny the allegations set forth in paragraph 56 of the Complaint in their entirety and demand strict proof thereof.

## BREACHES OF FIDUCIARY DUTY

57.     Defendants neither admit nor deny the allegations set forth in paragraph 57, as the documents governing such transaction (Exhibit D), speak for themselves. To the extent the allegations of paragraph 57 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 57 of the Complaint in their entirety and demand strict proof thereof.

58.     Defendants neither admit nor deny the allegations set forth in paragraph 58, as the documents governing such transaction (Exhibit D), speak for themselves. To the extent the allegations of paragraph 58 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 58 of the Complaint in their entirety and demand strict proof thereof.

59.     Defendants deny the allegations set forth in paragraph 59 of the Complaint in their entirety and demand strict proof thereof.

60.     Defendants deny the allegations set forth in paragraph 60 of the Complaint in their entirety and demand strict proof thereof.

61.     Defendants deny the allegations set forth in paragraph 61 of the Complaint in their entirety and demand strict proof thereof.

## INVOLVEMENT IN ILLEGAL BILLING SCHEME

62.     Defendants deny the allegations set forth in paragraph 62 of the Complaint in their entirety and demand strict proof thereof.

## FILING OF MISREPRESENTED AND FALSE COST REPORTS AND OVERCHARGING FOR SERVICES FROM RELATED ORGANIZATIONS

63.     Defendants deny the allegations set forth in paragraph 63 of the Complaint in their entirety and demand strict proof thereof.

64.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 64 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

65.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 65 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

66.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 66 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

67.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 67 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

68.     Defendants deny the allegations set forth in paragraph 68 of the Complaint in their entirety and demand strict proof thereof.

69.     Defendants neither admit nor deny the allegations set forth in paragraph 69, as the applicable CMS Rules, speak for themselves.  To the extent the allegations of paragraph 69 attempt to provide, modify, or otherwise interpret, the language of the rules referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 69 of the Complaint in their entirety and

demand strict proof thereof.

70.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 70 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

71.     Defendants deny the allegations set forth in paragraph 71 of the Complaint in their entirety and demand strict proof thereof.

72.     Defendants deny the allegations set forth in paragraph 72 of the Complaint in their entirety and demand strict proof thereof.

73.     Defendants deny the allegations set forth in paragraph 73 of the Complaint in their entirety and demand strict proof thereof.

74.     Defendants deny the allegations set forth in paragraph 74 of the Complaint in their entirety and demand strict proof thereof.

## DELEGATION OF FULL AUTHORITY TO DEFENDANT PEREZ

75.     Defendants deny the allegations set forth in paragraph 75 of the Complaint in their entirety and demand strict proof thereof.

76.     Defendants deny the allegations set forth in paragraph 76 of the Complaint in their entirety and demand strict proof thereof.

77.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 77 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

78.     Defendants neither admit nor deny the allegations set forth in paragraph 78, as the documents referred to (Exhibit F), speak for themselves.  To the extent the allegations of paragraph 78 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations

of wrongdoing, Defendants deny the allegations set forth in paragraph 78 of the Complaint in their entirety and demand strict proof thereof.

79.     Defendants neither admit nor deny the allegations set forth in paragraph 79, as the documents referred to (Exhibit F), speak for themselves.  To the extent the allegations of paragraph 79 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 79 of the Complaint in their entirety and demand strict proof thereof.

80.     Defendants deny the allegations set forth in paragraph 80 of the Complaint in their entirety and demand strict proof thereof.

## CONVERSION OF HMC ACCOUNTS

81.     Defendants deny the allegations set forth in paragraph 81 of the Complaint in their entirety and demand strict proof thereof.

82.     Defendants deny the allegations set forth in paragraph 82 of the Complaint in their entirety and demand strict proof thereof.

83.     Defendants deny the allegations set forth in paragraph 83 of the Complaint in their entirety and demand strict proof thereof.

84.     Defendants deny the allegations set forth in paragraph 84 of the Complaint in their entirety and demand strict proof thereof.

85.     Defendants deny the allegations set forth in paragraph 85 of the Complaint in their entirety and demand strict proof thereof.

## **MISAPPROPRIATION OF FUNDS**

86.     Defendants deny the allegations set forth in paragraph 86 of the Complaint in their entirety and demand strict proof thereof.

87.     Defendants deny the allegations set forth in paragraph 87 of the Complaint in their entirety and demand strict proof thereof.

88.     Defendants deny the allegations set forth in paragraph 88 of the Complaint in their entirety and demand strict proof thereof.

## **BANK LOANS – BREACH OF AFFIRMATIVE COVENANTS**

89.     Defendants deny the allegations set forth in paragraph 89 of the Complaint in their entirety and demand strict proof thereof.

90.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 90 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

91.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 91 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

92.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth

in paragraph 92 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

93.     Defendants neither admit nor deny the allegations set forth in paragraph 93, as the documents governing such transaction (Exhibit C), speak for themselves. To the extent the allegations of paragraph 93 attempt to provide, modify, or otherwise interpret, the language of the documents referred to, the allegations are denied in their entirety and strict proof thereof is demanded. As to all allegations of wrongdoing, Defendants deny the allegations set forth in paragraph 93 of the Complaint in their entirety and demand strict proof thereof.

94.     Defendants deny the allegations set forth in paragraph 94 of the Complaint in their entirety and demand strict proof thereof.

## BANK LOANS – BREACH OF "DUE-ON-SALE" CLAUSES

95.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 95 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

96.     Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 96 of the Complaint, and accordingly deny the allegations in their entirety and demand strict proof thereof.

97.     Defendants deny the allegations set forth in paragraph 97 of the Complaint in their entirety and demand strict proof thereof.

## FIRST CAUSE OF ACTION
### (Civil Conspiracy against all Defendants)

98.     Defendants repeat and reallege their responses to paragraphs 1 through 97 herein, as if set forth herein, fully repeated and realleged.

99.     Defendants deny the allegations set forth in paragraph 99 of the Complaint in their

entirety and demand strict proof thereof.

100.    Defendants deny the allegations set forth in paragraph 100 of the Complaint in their entirety and demand strict proof thereof.

101.    Defendants deny the allegations set forth in paragraph 101 of the Complaint in their entirety and demand strict proof thereof.

102.    Defendants deny the allegations set forth in paragraph 102 of the Complaint in their entirety and demand strict proof thereof.

103.    Defendants deny the allegations set forth in paragraph 103 of the Complaint in their entirety and demand strict proof thereof.

104.    Defendants deny the allegations set forth in paragraph 104 of the Complaint in their entirety and demand strict proof thereof.

105.    Defendants deny the allegations set forth in paragraph 105 of the Complaint in their entirety and demand strict proof thereof.

## SECOND CAUSE OF ACTION
### (Fraudulent Misrepresentation against all Defendants)

106.    Defendants repeat and reallege their responses to paragraphs 1 through 105 herein, as if set forth herein, fully repeated and realleged.

107.    Defendants deny the allegations set forth in paragraph 107 of the Complaint in their entirety and demand strict proof thereof.

108.    Defendants deny the allegations set forth in paragraph 108 of the Complaint in their entirety and demand strict proof thereof.

109.    Defendants deny the allegations set forth in paragraph 109 of the Complaint in their entirety and demand strict proof thereof.

110.    Defendants deny the allegations set forth in paragraph 110 of the Complaint in their

entirety and demand strict proof thereof.

## THIRD CAUSE OF ACTION
### (Fraudulent Concealment against all Defendants)

111.    Defendants repeat and reallege their responses to paragraphs 1 through 110 herein, as if set forth herein, fully repeated and realleged.

112.    Defendants deny the allegations set forth in paragraph 112 of the Complaint in their entirety and demand strict proof thereof.

113.    Defendants deny the allegations set forth in paragraph 113 of the Complaint in their entirety and demand strict proof thereof.

114.    Defendants deny the allegations set forth in paragraph 114 of the Complaint in their entirety and demand strict proof thereof.

115.    Defendants deny the allegations set forth in paragraph 115 of the Complaint in their entirety and demand strict proof thereof.

116.    Defendants deny the allegations set forth in paragraph 116 of the Complaint in their entirety and demand strict proof thereof.

117.    Defendants deny the allegations set forth in paragraph 117 of the Complaint in their entirety and demand strict proof thereof.

## FOURTH CAUSE OF ACTION
### (Breach of Fiduciary Duty against Defendants, Nusbaum, White and Perez)

118.    Defendants repeat and reallege their responses to paragraphs 1 through 117 herein, as if set forth herein, fully repeated and realleged.

119.    Defendants deny the allegations set forth in paragraph 119 of the Complaint in their entirety and demand strict proof thereof.

120.    Defendants deny the allegations set forth in paragraph 120 of the Complaint in their

entirety and demand strict proof thereof.

121.    Defendants deny the allegations set forth in paragraph 121 of the Complaint in their entirety and demand strict proof thereof.

122.    Defendants deny the allegations set forth in paragraph 122 of the Complaint in their entirety and demand strict proof thereof

## FIFTH CAUSE OF ACTION
### (Breach of Fiduciary Duty against Defendant, HAC)

123.    Defendants repeat and reallege their responses to paragraphs 1 through 122 herein, as if set forth herein, fully repeated and realleged.

124.    Defendants deny the allegations set forth in paragraph 124 of the Complaint in their entirety and demand strict proof thereof.

125.    Defendants deny the allegations set forth in paragraph 125 of the Complaint in their entirety and demand strict proof thereof.

126.    Defendants deny the allegations set forth in paragraph 126 of the Complaint in their entirety and demand strict proof thereof.

127.    Defendants deny the allegations set forth in paragraph 127 of the Complaint in their entirety and demand strict proof thereof.

## SIXTH CAUSE OF ACTION
### (Conversion against all Defendants)

128.    Defendants repeat and reallege their responses to paragraphs 1 through 127 herein, as if set forth herein, fully repeated and realleged.

129.    Defendants deny the allegations set forth in paragraph 129 of the Complaint in their entirety and demand strict proof thereof.

130.    Defendants deny the allegations set forth in paragraph 130 of the Complaint in their

entirety and demand strict proof thereof.

131.     Defendants deny the allegations set forth in paragraph 131 of the Complaint in their entirety and demand strict proof thereof.

132.     Defendants deny the allegations set forth in paragraph 132 of the Complaint in their entirety and demand strict proof thereof.

## SEVENTH CAUSE OF ACTION
### (Breach of Contract against HAC)

133.     Defendants repeat and reallege their responses to paragraphs 1 through 132 herein, as if set forth herein, fully repeated and realleged.

134.     Defendants deny the allegations set forth in paragraph 134 of the Complaint in their entirety and demand strict proof thereof.

135.     Defendants deny the allegations set forth in paragraph 135 of the Complaint in their entirety and demand strict proof thereof.

136.     Defendants deny the allegations set forth in paragraph 136 of the Complaint in their entirety and demand strict proof thereof.

## DEFENSES AND AFFIRMATIVE DEFENSES

137.     Defendants raise as a defense, that this Court lacks jurisdiction over the cause as pled, thereby requiring the Complaint to be dismissed. HMC/CAH Consolidated, Inc. is a Delaware corporation and has had its Charter revoked. Pursuant to Delaware law, there is no subject matter over a derivative claim.

138.     Defendants raise as a defense, that the Plaintiffs lack standing, thereby requiring the Complaint to be dismissed. HMC/CAH Consolidated, Inc. has had its Charter revoked and accordingly, no does not have standing.

139.     Defendants raise as a defense, that the Plaintiffs have failed to meet the condition precedent to filing a derivative action, thereby requiring the Complaint to be dismissed.

HMC/CAH Consolidated, Inc., had no authorized party who could refuse to commence the action, and Plaintiffs have not alleged demand was excused.

140.    Defendants raise as a defense, that this Court lacks personal jurisdiction over the cause as pled, thereby requiring the Complaint to be dismissed.

141.    Defendants raise as a defense, that the Plaintiffs have failed to name indispensable parties to this proceeding, that being all subject Hospitals at issue.

142.    Defendants raise as a defense, that the subject Hospitals at issue are all in bankruptcy, thereby divesting this Court of jurisdiction and requiring a stay herein.

143.    Defendants raise waiver as a defense, thereby requiring the Complaint to be dismissed.

144.    Defendants raise estoppel as a defense, thereby requiring the Complaint to be dismissed.

145.    Defendants raise novation as a defense, thereby requiring the Complaint to be dismissed.

146.    Defendants raise accord and satisfaction as a defense, thereby requiring the Complaint to be dismissed.

147.    Defendants raise the failure to mitigate damages as a defense, thereby requiring any relief under the Complaint to be reduced/denied accordingly.

148.    Defendants raise as a defense, that the Plaintiffs' claims are barred, in full or in part,

by their unclean hands.

149.    Defendants raise the "statute of frauds" as a defense, as some/all of the issues raised have not been properly documented.

150.    Defendants raise laches as a defense, as some/all of the issues raised have not been timely raised.

151.    Defendants raise the "statute of limitations" as a defense, as some/all of the issues raised have not been timely raised.

152.    Defendants raise "unclean hands" as a defense, thereby requiring the Complaint to be dismissed.

153.    Defendants raise as a defense that as to any contract(s), Plaintiffs failed to perform the subject contracts and accordingly may not enforce same, thereby requiring the Complaint to be dismissed.

154.    Defendants raise as a defense that as to any contract(s), Plaintiff first breached the subject contracts and accordingly may not enforce same, thereby requiring the Complaint to be dismissed.

155.    Defendants raise as a defense that as to any contract(s), they fail for lack of consideration, thereby requiring the Complaint to be dismissed.

156.    Defendants raise as a defense that as to any contract(s), they fail for failure of consideration, thereby requiring the Complaint to be dismissed.

157.    Defendants raise as a defense to any "fraud in the performance," said conduct is barred by the economic loss rule, thereby requiring the Complaint to be dismissed.

158.    Defendants raise as a defense, entitlement to setoff and recoupment for any amounts due to Defendants from Plaintiffs, or HMC/CAH Consolidated, Inc., or the subject Hospitals under any legal theories.

159.    Defendants raise as a defense, entitlement to setoff and recoupment for any amounts due to Defendants as to the value of their services rendered.

160.    Defendants reserve their right to add to, and amend, these defenses as additional facts come to light during this proceeding.

## RESPONSE TO PRAYER FOR RELIEF

WHEREFORE, Defendants, having answered the Complaint of Plaintiffs, and having raised defenses and affirmative defenses thereto, respectfully submits that the Complaint must be dismissed in its entirety, together with an appropriate assessment of attorney's fees and costs against Plaintiffs, and together with such other, further and different relief may seem just, proper and equitable to the Court under the circumstances.

Date: December 3, 2019

Respectfully submitted,

**FUNK RIEMANN LLP**

_____ /s/ Andrew Funk_____
By:   Andrew Funk, MO Bar # 59977
       andrew@frlawkc.com
       1600 Genessee St., Suite 860
       Kansas City, MO 64102
       Tel:    (816) 945-6544
       Fax:    (816) 895-6351

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this December 3, 2019, I electronically served a true copy of the foregoing to all counsel of record.

*/s/ Andrew W. Funk*